Letcher McGUIRE, Plaintiff-Appellant,

v.

**ALUMINUM COMPANY OF AMERICA,** Defendant-Appellee.

No. 76–1013.

United States Court of Appeals, Seventh Circuit.

Sept. 9, 1976.

**44**

James E. Rode, Evansville, Ind., James P. Scanlan, Equal Employment Opportunity Commission, Washington, D. C., for plaintiff-appellant.

Fred P. Bamberger, Fred S. White, Evansville, Ind., for defendant-appellee.

Before CASTLE, Senior Circuit Judge, and SWYGERT and CUMMINGS, Circuit Judges.

PER CURIAM.

This is an employment discrimination action brought by plaintiff-appellant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* The issue is whether the ninety day period for filing suit pursuant to 42 U.S.C. § 2000e–5(f)(1)[1] begins to run at the time notice is given to the aggrieved party by the Equal Employment Opportunity Commission (EEOC) that conciliation efforts have failed and that he may request a "right-to-sue" letter or at the time the "right-to-sue" letter is received. The district court held that the ninety day period began to run at the time of the notice of failure of conciliation. We reverse.

In 1969 the plaintiff-appellant Letcher McGuire filed an administrative complaint with the EEOC alleging that Aluminum Company of America, his employer, had racially discriminated against him by demoting him from his position as fire brickmason in violation of Title VII of the Civil Rights Act of 1964. The EEOC found reasonable cause to believe that the defendant violated Title VII and attempted conciliation of the plaintiff's claim. As a result of the conciliation efforts of the EEOC, the plaintiff was reinstated as a fire brickmason. The EEOC was unable, however, to secure payment of back wages for the interim period.

In a letter dated December 20, 1974, the EEOC advised the plaintiff that conciliation efforts with the defendant had failed. The letter further advised the plaintiff that he could request a "right-to-sue" letter from the EEOC and that upon receipt of such letter he would have ninety days in which to file suit in federal court. In a letter postmarked February 19, 1975, the plaintiff requested a "right-to-sue" letter which the EEOC issued on February 25. He then filed this action in federal district court on April 1, 1975 within the ninety day period specified in the "right-to-sue" letter.

The defendant filed a motion to dismiss for lack of subject matter jurisdiction con-

---

1. 42 U.S.C. § 2000e–5(f)(1) provides in pertinent part:

If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision. * * * or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, * * * shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. * * *

tending that the ninety day limitation period of 42 U.S.C. § 2000e–5(f)(1) commences to run at the time of notice of failure to conciliate, in this case, December 20, 1975. Because the plaintiff filed his complaint over one hundred days after December 20, 1975, the defendant contends that his filing was untimely. The district court dismissed the plaintiff's complaint with prejudice. This appeal followed.

We hold that the ninety day limitation period commenced to run at the time the plaintiff received the letter notifying him of his right to sue. Our holding is supported by *Tuft v. McDonnell Douglas,* 517 F.2d 1301 (8th Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976); *Lacy v. Chrysler Corp.,* 533 F.2d 353 (8th Cir. 1976); *Williams v. Southern Union Gas Co.,* 529 F.2d 483 (10th Cir. 1976); and *Garner v. E. I. du Pont de Nemours & Company,* 538 F.2d 611 (4th Cir. 1976). *Cf. DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306 (2d Cir. 1975), *as modified,* 502 F.2d 409.

The decision of the district court is reversed and the cause is remanded for further proceedings consistent with this opinion.