Patricia LYNN, Plaintiff-Appellant,

v.

WESTERN GILLETTE, INC.,
Defendant-Appellee.

Cyntitha WHITTOM, Plaintiff-Appellant,

v.

ITT CANNON ELECTRIC, a Delaware
Corporation, Defendant-Appellee.

Nos. 76–1256, 75–2214.

United States Court of Appeals,
Ninth Circuit.

Nov. 21, 1977.

Ronald J. Logan (argued), Phoenix, Ariz., for Cyntitha Whittom.

William H. Emer (argued), Los Angeles, Cal., for ITT Cannon Elec.

James E. Brophy, III (argued), of Ryley, Carlock & Ralston, Phoenix, Ariz., for Western Gillette.

Richard L. Green (argued), Phoenix, Ariz., for Patricia Lynn.

Before BROWNING, WRIGHT and KENNEDY, Circuit Judges.

KENNEDY, Circuit Judge:

These consolidated appeals address the question of when the ninety-day period for bringing a private civil action begins to run under section 706(f)(1) of Title VII of the Civil Rights Act of 1964 ("Act"), *as amended* 42 U.S.C. § 2000e–5(f)(1) (Supp. V 1975). The issue is whether the period begins to run at the time the Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") advises the charging party in writing that conciliation efforts with the employer have failed, or rather at the time the charging party receives a formal "Notice of Right to Sue" letter from the Commission.

### I. Facts

#### A. *Whittom v. ITT Cannon Electric, No. 75–2214*

On January 11, 1971, appellant Cyntitha Whittom filed a charge with the EEOC, alleging that ITT Cannon Electric had discriminated unlawfully by dismissing her from employment on the basis of sex. On April 25, 1973, the Commission sent a letter

to Whittom informing her that conciliation efforts had failed. This letter, however, did not advise her of a right to file a private civil action under section 706(f)(1) of Title VII, 42 U.S.C. § 2000e–5(f)(1) (Supp. V 1975), as required by the Commission's regulations then in effect. *See* 29 C.F.R. § 1601.25 (1972).

Twice in the period between April, 1973 and January, 1974, the employer requested the Commission to issue Whittom a Notice of Right to Sue, but the Commission failed to do so even though it had decided as early as May 31, 1973 that it would not itself bring charges against the employer. The Commission finally issued a Notice of Right to Sue letter to appellant on November 7, 1974. On February 14, 1975, eighty-eight days later, Whittom filed suit in the district court.

On defendant's motion to dismiss, the district court, relying on our decision in *Cunningham v. Litton Industries,* 413 F.2d 887 (9th Cir. 1969), held that the ninety-day limitation period provided by section 706(f)(1) commenced April 23, 1973, upon notice from the Commission that conciliation had failed. The court noted that a late filing might be excused when a complainant is unaware of his or her statutory rights, but found these considerations inapplicable in Whittom's case since she had consulted with an attorney nearly a year before filing suit. The district court therefore dismissed the action with prejudice. 395 F.Supp. 492 (D.Ariz.1975).

B. *Lynn v. Western Gillette, No. 76–1256*

Appellant Patricia Lynn filed a charge with the EEOC on October 13, 1972 alleging that Western Gillette, Inc. discriminated against her on the basis of sex. On February 21, 1974, the EEOC advised Lynn that conciliation efforts had failed and would not be reopened unless she specifically so requested within ten days. As in Whittom's case, the Commission's letter made no mention of Lynn's right to seek redress in federal district court, as required by the Commission's regulations. As a result of the Commission's carelessness, Lynn had in fact been sent the letter which ordinarily was sent to the employer, and Western Gillette received the form letter which should have been sent to Lynn. Within a week, Lynn sought the advice of counsel. On July 17, 1975, after realizing that the letters of February 21, 1974 had been addressed to the wrong persons, the EEOC again notified Lynn that conciliation efforts had failed, but this time informed her in writing that she could request a Notice of Right to Sue and seek further remedies through court action. On July 29, 1975, the Commission finally issued Lynn a Notice of Right to Sue. At that time, the Commission had not yet determined whether or not it would bring a civil enforcement action on its own behalf against Western Gillette. On August 19, 1975, Lynn filed suit in the federal district court.

Applying the principles set forth in *Whittom, supra,* the court below held that the ninety-day statutory limitation period started to run on February 21, 1974, when Lynn was first informed of the failure of conciliation. Taking note that Lynn had sought the advice of counsel, the court ruled that the action was untimely. The suit was therefore dismissed.

## II. Discussion

The sections of Title VII which determine when a private civil action charging unlawful discrimination may be brought were amended in 1972. Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, 86 Stat. 103 (1972), 42 U.S.C. § 2000e *et seq.* (Supp. V 1975), *amending* Civil Rights Act of 1964, tit. VII, 78 Stat. 253 (1964). (All subsequent citations to Title VII in this opinion are to the 1964 Act as amended.) The amendments to section 706 of the Act were specifically made applicable "with respect to charges pending with the Commission on the date of enactment of this Act [March 24, 1972] and all charges filed thereafter." Equal Employment Opportunity Act of 1972, Pub.L. No. 92–261, § 14, 86 Stat. 113 (1972). Since Whittom's charge was pending when the amendments were enacted, and since Lynn's claim was filed

after the enactment, both cases are governed by the statute as amended.

The multistep enforcement procedure established by section 706 of the amended Act reflects a "congressional desire to place the primary burden of enforcement of Title VII cases on the Commission rather than the private complainant." *Lacy v. Chrysler Corp.*, 533 F.2d 353, 357 (8th Cir.) (en banc), *cert. denied*, 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976); *see* S. Rep. No. 92–415, 92d Cong., 1st Sess. 23 (1971). While prior to 1972, Title VII limited the function of the EEOC to that of attempting to achieve voluntary compliance by employers, the 1972 amendments granted the Commission the power to institute civil enforcement actions against employers on its own behalf. The statute as amended requires that a charge of unlawful discrimination be filed with the Commission by the aggrieved party within 180 days after the alleged unlawful employment practice. § 706(e), 42 U.S.C. § 2000e–5(e) (Supp. V 1975). After a charge is filed the Commission is responsible for making an investigation to determine whether there is reasonable cause to believe that the charge is true. § 706(b), 42 U.S.C. § 2000e–5(b) (Supp. V 1975). This is to be made promptly and, "so far as practicable," within 120 days from the filing of the charge. *Id.* If the EEOC determines that the charge is unfounded, the Commission is to dismiss it and notify both the aggrieved party and the respondent of this action. *Id.* If the Commission does find reasonable cause, it is to try to eliminate the alleged unlawful practice by "informal methods of conference, conciliation, and persuasion." *Id.* After thirty days from the filing of the charge, if an acceptable conciliation agreement has not been reached, the EEOC may bring a civil action against an employer to compel compliance with Title VII. § 706(f)(1), 42 U.S.C. § 2000e–5(f)(1) (Supp. V 1975); *see Occidental Life Insurance Co. v. EEOC*, 432 U.S. 355, at 360, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977).

Title VII as amended also provides that after certain initial efforts at conciliation by the EEOC, a private right of action may arise. The Commission is statutorily required to notify the aggrieved party (1) if the Commission dismisses the charge pursuant to a finding of no reasonable cause, or (2) if within 180 days from the filing of the charge the Commission has not filed a civil action against the employer, or (3) if within 180 days from the filing of the charge the Commission has not entered into a conciliation agreement to which the aggrieved is a party. § 706(f)(1), 42 U.S.C. § 2000e–5(f)(1) (Supp. V 1975). The aggrieved party may then bring his private civil action "within ninety days after the giving of such notice . . . ." *Id.*

If the private right of action is to be effective, it is critical for the aggrieved party to know when the ninety-day period begins to run. The agency undertook to implement the statutory provisions for giving notice of this period by adopting regulations and by following a policy of sending a separate letter giving formal notice of the right to sue. We examine these procedures to determine whether or not they validate the filings made in these cases.

The EEOC regulations implementing Title VII provide that the notice to be sent an aggrieved party when Commission efforts at conciliation fail must include "[a]dvice concerning [the aggrieved person's] right to proceed in court . . . ." 29 C.F.R. § 1601.25 (1972). At all relevant times in these proceedings the Commission's policy was to use a two-tier system of letters to meet the requirements of this regulation. It would first advise the aggrieved party that he could request a Notice of Right to Sue letter and would have ninety days from the receipt of that letter to institute the civil action provided for by Title VII. A Right to Sue letter would not be issued by the Commission unless requested by the aggrieved party, even in cases where the EEOC had decided not to litigate the case. Brief of EEOC as Amicus Curiae at 8, *Lynn v. Western Gillette, Inc.*[1]

---

1. Under present procedures, the Commission either informs the aggrieved party orally that

conciliation has failed or sends him written notice stating that EEOC consideration for suit

■ The dispositive issue on this appeal is whether the statutory ninety-day period within which an aggrieved party must file his private civil action is triggered by notification from the EEOC that conciliation efforts have failed or by the formal Notice of Right to Sue letter. We conclude that the ninety-day period does not begin until the charging party receives a letter specifically informing him of his right to sue. Congress delegated authority to the Commission to issue procedural regulations to implement the provisions of section 706. § 713(a), 42 U.S.C. § 2000e–12(a). It was, therefore, within the Commission's power to define a specific procedure to satisfy the statutory requirement for a notice of conciliation failure and for beginning the ninety-day period for filing civil actions. *Garner v. E. I. Du Pont De Nemours & Co.,* 538 F.2d 611, 613 (4th Cir. 1976). Issuance of a regulation to require a specific form of notice was fully consistent with the statutory scheme of Title VII. The effect of section 706(f)(1) is to shift the burden of taking action from the Commission to the aggrieved party. Conditioning the shifting of this responsibility on a full and formal written explanation of the rights and procedures available to a party wishing to pursue private action is well within the Commission's discretionary power.[2] The regulations, having been properly issued, have the force of law, and we hold that under the statute and regulations as they existed at the time of the communications sent in these cases, the statutory ninety-day period did not commence until the aggrieved party was given Notice of Right to Sue.[3]

Our conclusion as to the effect of the Commission's two-tier notification policy is supported by cases from several other circuits. *See Weaver v. Joseph Schlitz Brewing Co.,* 551 F.2d 122 (6th Cir. 1977); *McGuire v. Aluminum Co. of America,* 542 F.2d 43 (7th Cir. 1976); *Garner v. E. I. Du Pont De Nemours & Co.,* 538 F.2d 611, 612–15 (4th Cir. 1976); *Lacy v. Chrysler Corp.,* 533 F.2d 353, 356–59 (8th Cir.) (en banc), *cert. denied,* 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976); *Coles v. Penny,* 174 U.S.App.D.C. 277, 531 F.2d 609, 613–17 (1976); *Williams v. Southern Union Gas Co.,* 529 F.2d 483, 486–87 (10th Cir.), *cert. denied,* 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976); *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301, 1308–10 (8th Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976). Our ruling is also consistent with our decision in *Cunningham v. Litton In-*

will follow. Once the Commission determines not to bring suit on its own behalf, it now automatically issues a Notice of Right to Sue. Brief of EEOC as Amicus Curiae at 8, *Lynn v. Western Gillette, Inc.,* No. 76–1256.

2. The Fifth Circuit has concluded that Civil Service Commission regulations analogous to 29 C.F.R. § 1601.25 but relating to Right to Sue letters to be issued with respect to complaints brought by federal employees, represent an impermissible attempt to extend the jurisdiction of the federal courts. *Eastland v. Tennessee Valley Authority,* 553 F.2d 364, 367–69 (5th Cir. 1977). That court accepted the argument that the regulation "replaced" the notice specified by statute with another form of notice so as to delay the commencement of the ninety-day period in a way not contemplated by section 706. *Id.* at 369. We cannot agree with the Fifth Circuit's rationale. The short answer to the extension of jurisdiction argument is that "[u]nless the aggrieved party demands a notice from the Commission, it may take as long as it likes before dispatching such a letter." *Garner*

*v. E. I. Du Pont De Nemours & Co.,* 538 F.2d 611, 615 (4th Cir. 1976), *citing, Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301, 1308–10 (8th Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976). *See Cunningham v. Litton Industries,* 413 F.2d 887 (9th Cir. 1969). A regulation which specifies the form of acceptable notice is not an attempt to expand jurisdiction, and here the regulation did not purport to extend the period during which the Commission could give the notice which would commence the complainant's right to bring suit.

3. The statutory phrase providing that an action may be brought "within ninety days after the giving of such notice," § 706(f)(1), 42 U.S.C. § 2000e–5(f)(1) (Supp. V 1975), requires actual notification. It is the receipt of a Right to Sue letter, not its dispatch, which sets the beginning of the ninety-day period. *Plunkett v. Roadway Express, Inc.,* 504 F.2d 417, 418–19 (10th Cir. 1974); *see Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Cunningham v. Litton Industries,* 413 F.2d 887, 890 (9th Cir. 1969).

*dustries,* 413 F.2d 887 (9th Cir. 1969). The issue in *Cunningham* was whether the time set by statute for the EEOC to notify complainants of failure to obtain voluntary compliance was intended to be mandatory, or directory. The court concluded that issuance of a notice by the Commission within the statutory time period was not a condition precedent to the aggrieved party's right to sue. *Id.* at 890. In so holding, the court stated that "the 30 day period within which suit may be filed in federal district court begins to run when the aggrieved party receives notice of failure to effect voluntary compliance from the EEOC . . . ." *Id. Cunningham* was decided under the statute prior to its 1972 amendment and the EEOC did not then have authority to bring an action on its own behalf against a respondent employer. Civil Rights Act of 1964, tit. VII, § 706, 78 Stat. 259–61 (1964) (amended 1972). Then, failure by the EEOC to effect voluntary compliance signalled the end of the administrative process, just as failure of conciliation efforts and a decision by the Commission not to institute civil enforcement actions signal that the Commission's role is at an end under the present statutory scheme. Now, mere notification of failure to obtain voluntary compliance does not indicate that administrative efforts are exhausted. The concern expressed in *Cunningham* was that administrative action should be allowed to run its course and that a complainant's right to bring suit should hinge on notification that the administrative process is at an end. That is consistent with our conclusion here. We rule that time for filing a private action runs not from a notification that conciliation efforts have failed but rather from the notice provided by the Right to Sue letter. *See, e. g., Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301, 1310 (8th Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976).

■ We note that the Fifth Circuit has declared the Commission's two-letter proce-dure invalid "[t]o the extent that [it] . . places the commencement of this 90-day period within the claimant's power by bifurcating the statutory notice . . . ." *Zambuto v. American Telephone & Telegraph Co.,* 544 F.2d 1333, 1335 (5th Cir. 1977). *See DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306 (2d Cir.), *modified,* 520 F.2d 409 (2d Cir. 1975) (analyzing the procedure for notification of an EEOC finding of "no reasonable cause.") Since the Commission has abandoned its two-tier notification policy, and since the complainants in the cases before us were either not informed of their right to bring suit or were led to believe that that right could arise only when a Right to Sue letter was issued at their request, we do not feel that a ruling on the validity of the two-tier scheme should affect the result we reach. Even were we to find the Commission's procedure to have been invalid, we would not be willing to let the Commission's error as to timing of notice dissipate the aggrieved party's important statutory right to bring suit on his own behalf. *Zambuto v. American Telephone & Telegraph Co.,* 544 F.2d at 1335; *DeMatteis v. Eastman Kodak Co.,* 520 F.2d 409 (2d Cir. 1975).

■ Our determination of the type of notice necessary to begin the period in which a private action may be filed does not imply that a plaintiff's lack of diligence in filing an action must be overlooked. The Act provides that an aggrieved party may request a Right to Sue letter from the Commission any time after 180 days following the filing of the charge with the Commission. Particularly where the aggrieved party has consulted counsel and is aware of this right, it becomes inequitable at some point for the employee to delay filing suit. The complainant should not be permitted to prejudice the employer by taking advantage of the Commission's slowness in processing claims [4] or by procrastinating while being aware that the Commission intends to take no further action. Under such circum-

---

4. See the comments of the Eighth Circuit en banc on the delays of the EEOC in *Lacy v. Chrysler Corp.,* 533 F.2d 353, 361–62 (8th Cir.), *cert. denied,* 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976).

stances, it is proper for the district court, in the exercise of its equitable discretion, to take the plaintiff's lack of diligence into account in determining the amount of back pay, if any, to be awarded the plaintiff should he prevail on the merits. *See Occidental Life Insurance Co. v. EEOC,* 432 U.S. 355, at 373, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (back pay may be denied or restricted when delay by EEOC in bringing action handicaps defendant significantly); *Albemarle Paper Co. v. Moody,* 422 U.S. 405, 424–25, 95 S.Ct. 2362, 45 L.Ed.2d 280 (1975) (back pay may be restricted or denied when private plaintiff's unexcused conduct prejudices defendant).

### III. Conclusion

In *Whittom v. ITT Cannon Electric,* No. 75–2214, the letter which appellant received on April 25, 1973 did not constitute a Notice of Right to Sue which would trigger the statutory ninety-day limitation period. The limitation period did not commence until the complainant received the letter of November 7, 1974, specifically informing her of her right to sue. Since suit was brought on February 14, 1975, eighty-eight days later and within the ninety-day limitation period, the suit was timely, and the district court erred in dismissing the action.

In *Lynn v. Western Gillette, Inc.,* No. 76–1256, a similar analysis leads to the conclusion that the limitation period began running on receipt by Lynn of the Commission's July 29, 1975 Notice of Right to Sue. While Lynn had been advised of her rights under Title VII in an earlier letter, that letter had indicated that her right to file a private action would commence only on receipt of a formal Notice of Right to Sue letter. Hence it was only the formal notification which satisfied the statute as implemented by EEOC regulations. Since Lynn instituted her action on August 19, 1975, her action was timely and should not have been dismissed by the district court.

The orders dismissing these actions are reversed, and the causes are remanded to the district court for further proceedings consistent with the views expressed herein.

