Mary SHEA, Appellant,

v.

**CITY OF ST. PAUL, Appellee.**

**No. 78–1293.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 15, 1978.

Decided June 22, 1979.

346

Donald J. Heffernan of Connolly & Heffernan, St. Paul, Minn., for appellant.

Frank E. Villaume, III, Asst. City Atty., St. Paul, Minn., for appellee; Suzanne E. Flinsch, City Atty., St. Paul, Minn., on the brief.

*The Honorable William C. Hanson, Senior United States District Judge, Southern District of Iowa, sitting by designation.

1. The Honorable Paul Benson, Chief Judge, United States District Court for the District of North Dakota, sitting by designation.

Before LAY and HEANEY, Circuit Judges, and HANSON,* Senior District Judge.

HANSON, Senior District Judge.

Mary Shea appeals from dismissal of her Title VII sex discrimination complaint. The cause is not a class action. After Shea had presented her evidence, the defendant, City of St. Paul, moved for dismissal pursuant to Rule 41(b), F.R.Civ.P. The district court[1] granted dismissal on two grounds: (1) the court was without jurisdiction because Shea had not filed her complaint within the 90-day jurisdictional period in Section 706(f)(1) of Title VII,[2] 42 U.S.C. § 2000e–5; and (2) Shea had failed to establish discrimination on the basis of sex. The district court had earlier reserved ruling on a pretrial motion to dismiss for lack of subject matter jurisdiction and permitted plaintiff to present her evidence "[b]ecause of the equitable considerations that arose by reason of the plaintiff having relied on the erroneous legal advice tendered to her by EEOC." In view of its conclusions on the merits, the district court did not address itself to the relationship these equitable considerations assertedly bore to the court's jurisdiction.

We affirm the judgment of dismissal on the jurisdictional ground.

## I.

Shea was hired as a secretary in the clerical division of the City's civil service system in 1963 at the top grade, level 26, and remained in that grade until she terminated her employment in 1976. During the relevant time period the clerical division of the City's employees was approximately 80% female; the administrative and super-

2. As amended by the Equal Employment Opportunity Act of 1972, Pub.L. 92–261, § 4(a), 86 Stat. 103. All references herein to Section 706 are to the amended version.

visory positions were approximately 90% male. Clerical experience was evidently not a qualifying criterion for promotion into the ranks of administrators and supervisors, though it was possible to shift to another job classification other than clerical from which promotion might eventually be attained. The essence of Shea's complaint was that having attained the top of the clerical ladder her secretarial experience coupled with a college degree received in 1974 and good job performance, should have been considered as qualifications for promotion as an administrator or supervisor. Shea alleged that the City's failure to recognize these factors constituted discrimination. The sex basis of the alleged discrimination was derived principally from the respective disproportionate percentages of men and women in the clerical positions on the one hand and the administrative and supervisory positions on the other.

In March 1974 the City was notified that Shea had filed a sex discrimination charge with the EEOC. On January 22, 1975 the Commission issued a "Determination" finding there was "not reasonable cause to credit the Charging Party's allegations." *See* 42 U.S.C. § 2000e–5(b). A copy of the Determination was sent to Shea with a letter explaining that the "charge was dismissed on the date on which the Determination was signed." Both the letter and the Determination were dated January 22. The letter advised that Shea could request a so-called "Right-To-Sue Letter" from the Justice Department by forwarding a request through the EEOC.[3] The last paragraph of the enclosed Determination, however, specifically advised Shea that if she

desired to file a private action in district court, she might do so "within 90 days of the receipt of Notice of Right to Sue which will be issued by the Department of Justice . . . ."

On March 24, 1975 Shea requested the EEOC to reopen its investigation. This the EEOC declined to do, and by letter from the District Director dated April 1, 1975 Shea was so notified. The April 1 letter again advised Shea of her right to request a right-to-sue letter in substantially the same terms contained in the January 22 letter.

Shortly thereafter, on April 18, 1975, Shea requested a right-to-sue letter from the Justice Department through the EEOC. A letter denominated "Notice of Right To Sue Within 90 Days" was sent to Shea on June 23, 1975 from the Justice Department. The letter told Shea that should she wish to commence a lawsuit, "such suit must be filed . . . within 90 days of your receipt of this Notice."

Shea filed her complaint in district court on September 17, 1975, within 90 days of receipt of the "Notice of Right to Sue" letter, but more than 90 days after receipt of both the January 22 letter and Determination notifying her of the dismissal of her charge, and the April 1 letter denying review.

## II.

In order for a district court to have jurisdiction over a private Title VII action a civil rights plaintiff must first pursue his or her administrative remedies in accordance with Section 706 of the Act. 42 U.S.C. § 2000e–5. These are (1) the timely filing

---

**3.** In its entirety the January 22 letter stated:

Ms. Mary Shea
1174 Beech Street
St. Paul, Minnesota 55106

Dear Ms. Shea:

We have investigated your charge of employment discrimination as indicated above.
Based upon a full investigation of your case, the Commission has determined that the facts upon which your charge is based, do not constitute a violation of Title VII of the Civil Rights Act of 1964, and has issued the enclosed Deter-

mination. Your charge was dismissed on the date on which the Determination was signed. However, if you desire to pursue this matter further, you may do so by requesting a Right-To-Sue Letter from the U. S. Justice Department by making said request in writing through this office.
Please contact this office if you have any questions regarding the matter.
Sincerely,
/s/
Wesley N. Harry
District Director

of an unlawful employment practice charge; and (2) filing suit within 90 days of notification of the right to sue from the EEOC or Attorney General as the case may be. *Alexander v. Gardner Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Hinton v. CPC International, Inc.,* 520 F.2d 1312, 1314–15 (8th Cir. 1975).

One of the events requiring notification of the right to sue is dismissal of a complainant's charge by the EEOC upon a finding of no reasonable cause. Section 706(b) states in relevant part:

> If the Commission determines after . . investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action.

42 U.S.C. § 2000e–5(b). Section 706(f)(1) reiterates this notification requirement and provides that the complainant may bring a private civil action within 90 days after receipt of such notice:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . .

42 U.S.C. § 2000e–5(f)(1).

In *Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301 (8th Cir. 1975), *cert. denied,* 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976) this Court dealt with the question of when under the above-quoted portion of Section 706(f)(1) the EEOC was required to issue notice triggering the running of the 90-day period after 180 days had passed from the filing of the charge without dismissal of the charge, successful conciliation, or filing of a civil action by the EEOC. We held that under such circumstances there was no requirement to issue statutory notice except on demand from the complainant, and that therefore an EEOC letter simply noting the failure of conciliation efforts and advising that a statutory notice might be requested did not trigger the 90-day period in the absence of a statement that administrative action was at an end. *Id.* at 1308–10. In so holding, the *Tuft* panel carefully summarized the events that mandate statutory notice under section 706:

> 1) Upon a dismissal of the charge by the Commission, the statutory notice must issue promptly to the aggrieved party and the respondent.
>
> 2) The complainant may demand the statutory notice any time after 180 days have elapsed from the filing of the complaint if the Commission has not dismissed his complaint, achieved a conciliation agreement, or filed a civil action.
>
> 3) Otherwise, the statutory notice must issue following a determination by the Commission or, in appropriate cases, the Attorney General, that a civil action will not be filed. (Citation omitted.)

*Id.* at 1309. *See Lynn v. Western Gillette, Inc.,* 564 F.2d 1282, 1286–87 (9th Cir. 1977); *Zambuto v. American Telephone and Telegraph Co.,* 544 F.2d 1333, 1334–35 (5th Cir. 1977); *McGuire v. Aluminum Company of America,* 542 F.2d 43, 45 (7th Cir. 1976); *Garner v. E. I. DuPont deNemours & Co.,* 538 F.2d 611, 614–15 (4th Cir. 1976); *De-Matteis v. Eastman Kodak Co.,* 511 F.2d 306, 309–11 (2d Cir.), *modified on rehearing,* 520 F.2d 409 (1975). With respect to dismissals under the first category, we also noted that Congress had been "more specific" in Section 706(b) in that statutory notice

was to "promptly" follow dismissal. 517 F.2d at 1309 & n. 15.

In *Lacy v. Chrysler Corp.*, 533 F.2d 353 (8th Cir.), *cert. denied*, 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976), this Court revisited *Tuft* en banc in three consolidated appeals. The summary of notice procedures above was specifically reiterated and was considered dispositive in each of three appeals. Two of the appeals presented factual situations and produced results similar to the holding in *Tuft*. 533 F.2d at 355–59. The third appeal, however, *Whitfield v. Certain-Teed Products*, 533 F.2d 353, presented a situation functionally similar to the present case. Appellant Whitfield had been advised in an EEOC letter that the administrative process was at an end and that the Commission would not take the cause to court.[4] 533 F.2d at 360. Like the present case, the EEOC contemporaneously told Whitfield that he could request a Right-To-Sue letter and that he could file a suit within 90 days of the receipt of such a letter. *Id.* This Court held that the second letter constituted notice within the third category of events triggering the 90-day period delineated in *Tuft*. *Id.; see* 517 F.2d at 1309. The *Whitfield* holding, as the *Tuft* panel's summary of statutory notice procedures had implicitly done before, rejected the EEOC's policy in 1975 of first advising a complainant that administrative procedures had been exhausted in first and third category situations, and then directing the complainant to take the extra and unnecessary step of separately requesting a more formal notification of right to sue. *See* 29 C.F.R. §§ 1601.19b(b), (d); 1601.25b(b), (c) (1974 &

1975). Taken together, *Tuft* and *Lacy* stand for the proposition that whereas mere notice of the failure of conciliation does not alone constitute statutory notice under section 706(f)(1) unless demand is made therefor, if the complainant is notified by the EEOC, or Attorney General in cases involving government employers, that an administrative determination has been made not to file a civil action, or is notified by the EEOC that the charge has been dismissed after the investigative stage, the 90-day period begins to run. *See DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409, 410 (2d Cir. 1975) (on rehearing). *See also Garvin v. American Life Insurance Co.*, 416 F.Supp. 1087, 1090 (D.Del.1976); *York v. Celanese Fibers Co.*, 416 F.Supp. 441, 444–45 (D.Md. 1976).

Applying these principles, it is clear that Shea received actual and effective notification that administrative procedures had terminated and her charge was dismissed when the EEOC sent her the April 1, 1975 letter declining to reconsider the January 22, 1975 Determination and dismissal.[5] As in the January 22 letter, the April 1 letter advised Shea of her right to sue in federal district court, though both letters erroneously indicated that a "Right-To-Sue Letter" was a predicate to suit in addition to the notice of dismissal. She did not file her complaint until September 17, 1975, 86 days after receiving her Notice of Right to Sue letter from the Justice Department, but 169 days after receipt of the April 1 reaffirmance of the dismissal of her charge. Under *Tuft* and *Lacy* the complaint was not

---

4. The EEOC sent three letters to Whitfield. The first indicated conciliation had failed and that he could request a right-to-sue letter at any time. The second letter—the one which we held triggered the 90-day jurisdictional period—told Whitfield the EEOC would not litigate and effectively advised him of the fact that the administrative process was at an end. The same letter stated that Whitfield could request a Right-To-Sue letter from the Commission, and that "[o]nce you [have] receive that letter, you have only 90 days to file the suit in Court." 533 F.2d at 360. The third letter was the Commission's Right-To-Sue letter sent at Whitfield's request.

5. The April 1, 1975 letter is the pertinent notification here because the EEOC apparently entertained her request for a review of the Determination dismissing the charge, though then existing regulations provided that "requests for reconsideration [of a reasonable cause finding] will not be granted." 29 C.F.R. §§ 1601.19(b), (d) (1974). In view of this procedure, the Commission's administrative remedies were not completed until the review of the Determination. *Tuft v. McDonnell Douglas Corp.*, 517 F.2d at 1309–10.

filed within the section 706(f)(1) period and the district court was without jurisdiction.[6]

Shea counters that the April 1 letter was not adequate to constitute actual notification of her right to sue, a requirement we briefly discussed in Part IV of the *Tuft* opinion. 517 F.2d at 1310. We are sensitive to the plight of a civil rights plaintiff who, as here, received conflicting and erroneous information from the EEOC regarding her right to sue. The January 22 and April 1 letters implied the requirement of a "Right-To-Sue Letter" and indicated a formal request for such a letter must be made. In contrast, the Determination of dismissal indicated a "Notice of Right-To-Sue" would be issued as a matter of course and stated that a suit could be filed within 90 days thereafter. Shea was not specifically apprised that any court action would have to be brought within 90 days of the dismissal of her charge, though she apparently assumed that request for a Right-To-Sue letter had to be initiated within 90 days of the notice of dismissal.[7] Shea was, however, notified that she had a right to sue and that her case was administratively closed. As the Court indicated en banc in *Whitfield* on the authority of *Tuft*, statutory notice under section 706(f)(1) triggers the 90-day period if it conveys knowledge "that the administrative procedures of the EEOC had terminated and that [the complainant] could not hope to receive any further administrative assistance from the EEOC." 533 F.2d at 360. The April 1 letter clearly satisfied this requisite, and this panel is of course bound by *Tuft* and *Whitfield*.[8]

In both *Tuft* and *Whitfield* this Court adverted in dicta to equitable considerations where a complainant has followed the EEOC's misleading advice. 533 F.2d at 360–61; 517 F.2d at 1310. These equitable considerations as they relate to a jurisdictional provision are properly considered in the context of whether any of this Court's prior holdings should be applied prospectively only as some other courts have done after holding invalid under section 706(f)(1) the EEOC's dual or multi-letter procedure. *See Zambuto v. American Telephone and Telegraph Co.,* 544 F.2d at 1336; *DeMatteis v. Eastman Kodak Co.,* 520 F.2d at 411. *See also Lynn v. Western Gillette, Inc.,* 564 F.2d at 1287; *Page v. U. S. Industries, Inc.,* 556 F.2d 346, 355 (5th Cir. 1977), *cert. denied,* 434 U.S. 1045, 98 S.Ct. 890, 54 L.Ed.2d 796 (1978). No argument is advanced that *Tuft* can or should be applied prospectively to Shea's complaint. Moreover, *Lacy* and its companion case, *Whitfield,* are not candidates for prospective application. As this Court recently observed in a case also involving a failure to satisfy Title VII's jurisdictional prerequisites, the major factors considered when an argument is made to apply a case prospectively

> are whether the court ruling in question was of first impression or "clearly foreshadowed," whether the retroactivity will further or retard the purpose of the rule, and whether inequities will result by retroactive application of the rule.

*Rudolph v. Wagner Electric Corp.,* 586 F.2d 90, 92 (8th Cir. 1978), *cert. denied,* —— U.S. ——, 99 S.Ct. 2033, 60 L.Ed.2d 397 (1979).

---

**6.** No party claims that the fact that defendant City is a government entity is significant to the disposition of this appeal.

**7.** Shea's assumption in this regard would indicate that she did not in fact rely on the information provided in correspondence with the Commission. The EEOC did not suggest a deadline for requesting a Right-To-Sue letter in any of the communications we have before us.

**8.** In fact, it is impossible to distinguish on any significant ground the notice received in *Whitfield* and in this case. The crucial second letter in *Whitfield* which followed unsuccessful con-

ciliation and contained notice of an EEOC decision not to sue, stated in pertinent part:

> Title VII of the Civil Rights Act of 1964, as amended, provides that you may file a suit in Federal District Court represented by a private lawyer. In order to file such a suit, you must request in writing a "Right to Sue" letter from [the] District Director.
>
> It is always wise to secure your own lawyer before you request a "Right to Sue letter from the Director. Once you receive that letter, you have only 90 days to file the suit in Court.

533 F.2d at 360.

*See Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971); *United States v. LePatourel,* 593 F.2d 827, 831 (8th Cir. 1979). *Whitfield* represented no more than a logical extension of *Tuft* as this Court's discussion in *Whitfield* amply reflects. *See* 533 F.2d at 360. *Tuft* therefore not only clearly foreshadowed *Whitfield,* but controlled it. The former's emphasis on the significance of the termination of administrative procedures, on the specific notification requirement for no reasonable cause dismissals in Section 706(b), and observation that "[u]pon a dismissal of the charge by the Commission, the statutory notice must issue promptly to the aggrieved party and the respondent," 517 F.2d 1309, were distinctly incompatible with the EEOC's two-letter procedure in dismissal cases and indicated that in this Circuit a letter like that received by Shea on January 22 and April 1 would constitute notice initiating the 90-day period.

Because we agree with the district court that it was without jurisdiction, we do not address the merits of the case or the district court's dismissal under Rule 41(b), F.R. Civ.P.

Judgment of dismissal affirmed.