Mary C. OSIECKI, Plaintiff,

v.

HOUSING AND REDEVELOPMENT AUTHORITY OF the CITY OF SAINT PAUL, MINNESOTA, Defendant.

Civ. No. 4–76–59.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 26, 1979.

**1230**

Paul C. Sprenger and Terry M. Cosgrove, Johnson, Sands, Lizee, Fricker & Sprenger, Minneapolis, Minn., for plaintiff.

James T. Hart and Richard H. Zehring, St. Paul, Minn., for defendant.

## ORDER

MacLAUGHLIN, District Judge.

Defendant has moved to dismiss this case on the ground that the Court lacks subject matter jurisdiction over this Title VII action.[1] The motion is based on the argument that plaintiff failed to commence the above-entitled action within 90 days of plaintiff's receipt of a letter from the Equal Employment Opportunity Commission [hereinafter EEOC] which recited that no probable cause existed to credit plaintiff's claims that discrimination had occurred and which indicated that her charges had been dismissed by the agency.

In March of 1973 and February of 1974, plaintiff filed two charges (identified as charge numbers TMK3–0396 and TMK4–0866, respectively) with the EEOC alleging employment discrimination and retaliation by her governmental employer, the Housing and Redevelopment Authority of the City of St. Paul. Upon completion of investigation of the charges by the Minnesota Department of Human Rights, the EEOC considered plaintiff's claim.

By letter of May 2, 1975 (the first letter), Osiecki was informed that there was no reasonable cause to credit her allegation made in charge number TMK4–0866 that respondent had retaliated against her for having filed a charge of discrimination. The letter stated that she could institute a civil action in the appropriate federal district court within ninety days of receipt of the letter. By affidavit, plaintiff stated that on May 6, 1975, she telephoned Wesley N. Harry, the EEOC District Director officed in Milwaukee, and was informed that his office had made an administrative error and that plaintiff's file would have to be referred to the United States Department of Justice for a notice of right to sue.

By letter of June 16, 1975,[2] (the second letter) plaintiff was informed by the EEOC that there was no reasonable cause to believe that her allegation of employment discrimination made in charge number TMK3–0396 was true. This letter informed plaintiff that if she wished to pursue the matter further, she could do so "by filing a private action in the Federal District Court within ninety (90) days of receipt of Notice of Right to Sue which *will be issued by the Department of Justice* and by taking the procedural steps set out in the Notice of Right to Sue." (emphasis added). The "determination" which accompanied the letter indicated that the EEOC's processing of the charge was concluded.

By letter of June 30, 1975, (the third letter) plaintiff was informed by the EEOC that her allegation of retaliation (charge number TMK4–0866) had been reconsidered and that the charge was dismissed. The letter also stated that plaintiff could institute suit in the federal district court following receipt of the "Notice of Right to Sue,

---

1. This motion was initially referred to Magistrate J. Earl Cudd, and is presently before the Court on objections to his report and recommendation.

2. This letter is substantially the same as that received by the plaintiff in *Shea v. City of St. Paul*, 601 F.2d 345 (8th Cir. 1979). See discussion of *Shea, infra*, at 1233.

which will be issued by the U.S. Department of Justice."

But the notice from the Justice Department was not forthcoming. On September 22, plaintiff again spoke with EEOC official Harry who suggested that since plaintiff had not yet received a right to sue letter she should write to the Justice Department and inquire into the status of her file. Plaintiff wrote such a letter on September 24.

By October 29, 1975, plaintiff had still received no notice from the Justice Department. She then wrote to an aide in a Minnesota congressman's office, asking for assistance. Her persistent efforts finally bore fruit on November 12, 1975, when she received her notice from the Justice Department regarding both charges. The notice stated, "if you choose to commence a civil action, such suit must be filed in the appropriate United States District Court *within 90 days of your receipt of this Notice*." (emphasis added). Plaintiff's lawsuit was commenced on February 9, 1976, within 90 days of the notice from the Justice Department, but more than 90 days after the EEOC dismissal of her charges. The issue presented in this case is whether the requirement that a civil action be filed within 90 days after the receipt of the statutory notice in a case involving a governmental employer under § 706 of Title VII is commenced by the receipt of such notice from the EEOC or the Attorney General.

■ In order for a district court to have jurisdiction over a private Title VII action, a civil rights plaintiff must pursue his or her administrative remedies in accordance with § 706 of the Act, 42 U.S.C. § 2000e–5. These are (1) the timely filing of an unlawful employment practice charge, and (2) filing suit within 90 days of notification of the right to sue from the EEOC or the Attorney General, as the case may be. *Alexander v. Gardner Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *Shea v. City of St. Paul*, 601 F.2d 345, 347–48 (8th Cir. 1979); *Lacy v. Chrysler Corp.*, 533 F.2d 353 (8th Cir. 1976), *cert. denied*, 429 U.S. 959, 97 S.Ct. 381, 50

L.Ed.2d 325 (1977); *Tuft v. McDonnell Douglas Corp.*, 517 F.2d 1301 (8th Cir. 1975), *cert. denied*, 423 U.S. 1052, 96 S.Ct. 782, 46 L.Ed.2d 641 (1976).

■ In resolving the issue of whether the 90 day period commences upon the charging party's receipt of the notice of the right to sue in the case of a governmental employer from the EEOC or the Attorney General, the statutory language of Title VII is controlling. Section 706(b) of Title VII states, "[i]f the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action." 42 U.S.C. § 2000e–5(b). However, Section 706(f)(1), a part of the 1972 amendments to Title VII, limits the power of the EEOC with respect to governmental employers:

> In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court.

It is significant, moreover, that the notice provision of Section 706(b), quoted above, is tempered by Section 706(f)(1), which continues:

> [i]f a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, *the Commission, or the*

*Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent . . . .*

42 U.S.C. § 2000e–5(f)(1) (emphasis added). This provision further provides that should an action be instituted by a charging party, the court may allow "the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, to intervene . . . ." 42 U.S.C. § 2000e–5(f)(1). Section 706(f)(2), consistent with the foregoing, permits "the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision" to bring a civil action for temporary or preliminary relief. 42 U.S.C. § 2000e–5(f)(2).

The foregoing portions of Section 706 were part of the 1972 amendments to Title VII, which significantly changed the role of the Attorney General under Title VII. These changes have been summarized as follows:

(1) For the first time, Title VII coverage was extended to prohibit employment discrimination by employers who were "governments, governmental agencies, [or] political subdivisions * * *."

(2) The EEOC was given the right under § 706(f)(1) to file suit with respect to private charges against private employers and the right, in the discretion of the court, to intervene in private suits against private employers; this authority was taken away from the [Attorney General].

(3) the [Attorney General] was given the right under § 706(f)(1) with respect to state and local government employers, analogous to the new EEOC authority with respect to private employers, to file suits based on individual charges and in the discretion of the court to intervene in suits by employees.

Schlei & Grossman, *Employment Discrimination Law*, at 1060 (BNA 1976) (footnotes omitted). The purpose of referring discrimination complaints involving governmental employers to the Attorney General was two-fold: 1) to limit the number of federal agencies authorized to sue state governments, and 2) to bring the prestige of the Attorney General to bear on the reluctance of local governmental entities to comply with Title VII. 118 Cong.Rec. 1069–71 (1972). The statutory scheme embodied in Section 706(f) clearly limits the power of the EEOC with respect to governmental employers, and vests the power to bring and intervene in civil actions involving governmental respondents solely to the Attorney General.

Based on the language and plain congressional intent of Section 706(f), the Court has concluded that the 90 day period in which an aggrieved person must file a civil action in federal district court does not begin to run where the respondent is a governmental employer until the aggrieved person receives notice of the right to bring a civil action from the Attorney General. 42 U.S.C. § 2000e–5(f)(1) ("the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved . . . ."); *Brisbane v. Port Authority of New York and New Jersey*, 414 F.Supp. 604 (S.D.N.Y.1976) (the commencement of the 90 day period to sue begins upon the receipt of a notice of a right to sue from the Attorney General, and not from an EEOC determination letter that no probable cause was present); 29 C.F.R. § 1601.28(d) (EEOC regulations provide that the Attorney General has the authority to issue the notice of right to sue in cases involving government employers); Schlei & Grossman, *Employment Discrimination Law*, at 1061 (BNA 1976) ("if within 180 days the Attorney General has not filed a civil action against a public respondent, the Attorney General and not the EEOC shall issue a right-to-sue letter to the charging party"). This conclusion is not only mandated from the precise statutory language of Section 706(f), but from the apparent intent of Congress to vest sole power in the Attorney General to bring civil actions against governmental respondents. As the administrative process

has not been completed in cases involving governmental employers until the Attorney General has determined that it will not bring a civil action, it would be inconsistent with the intent of Section 706(f) to allow the 90 day period to commence prior to the Attorney General's involvement in the administrative process, as defendant suggests should take place here. *See Lacy v. Chrysler Corp.*, 533 F.2d 353 (8th Cir. 1976), *cert. denied*, 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1977). Thus, as the plaintiff here filed her civil action in federal district court within 90 days from the receipt of the notice of a right to sue from the Attorney General, her action was timely under Title VII and the Court therefore has subject matter jurisdiction over her claims.

The Court is familiar with *Shea v. City of St. Paul*, 601 F.2d 345 (8th Cir. 1979). The facts of *Shea* and this case are analogous. Shea filed a complaint with the EEOC and received a letter stating that there was no reasonable cause for her charge and that she could request a right-to-sue letter from the Justice Department. She requested reconsideration, but the EEOC declined to reopen the case and in a second letter, again advised her that she could request a right-to-sue letter from the Justice Department. The Court found that the second letter received by Shea constituted actual and effective notice, and concluded that "the complaint was not filed within the § 706(f)(1) period and the district court was without jurisdiction." *Id.* at 349–50. The *Shea* opinion expressly noted, however, that "[n]o party claims that the fact the defendant City is a government entity is significant to the disposition of this appeal." *Id.* at 350 n. 6.

In contrast, plaintiff in the instant case has specifically claimed that the EEOC's notice did not toll the 90-day jurisdictional period because the defendant is a governmental entity. This Court is convinced that the fact that defendant is a governmental employer is significant and dispositive of the jurisdictional question, and that the *Shea* opinion leaves the precise issue here unresolved. The plain wording of Section 706(f) and the structure of the Title VII statutory scheme dictate that the 90 day jurisdictional period does not commence until the charging party receives a notice of the right to sue from the Attorney General in cases involving governmental employers.

This Court has reached its decision on the basis of the plain language and apparent intent of Section 706(f) of Title VII. The disposition of the case on statutory grounds renders unnecessary any decision on plaintiff's contention that her claim should not be barred on equitable grounds. But it is not inappropriate to note that substantial injustice would be wrought if the Court dismissed the claim of this plaintiff after she had meticulously and faithfully followed the directives of the agencies that purportedly have some expertise in interpreting Title VII.

Accordingly, IT IS HEREBY ORDERED that defendant's motion to dismiss be and hereby is denied.