**Victoria MISSIRLIAN,
Plaintiff-Appellant,**

v.

**HUNTINGTON MEMORIAL HOSPITAL,
Defendant-Appellee.**

No. 79–3238.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 1981.

Decided Nov. 4, 1981.

Edmont T. Barrett, Costa Mesa, Cal., Raj K. Gupta, EEOC, Washington, D. C., for plaintiff-appellant.

David A. Cathcart, H. Frederick Tepker, Gibson, Dunn & Crutcher, Los Angeles, Cal., for defendant-appellee.

Before FLETCHER and CANBY, Circuit Judges, and SOLOMON,* District Judge.

FLETCHER, Circuit Judge:

Plaintiff Victoria Missirlian timely appeals from a summary judgment in favor of defendant Huntington Memorial Hospital denying her Title VII claim, 42 U.S.C. §§ 2000e to 2000e–17 (1976 and Supp.1979), on the basis that the action was not timely filed in district court.[1] Jurisdiction is based on 28 U.S.C. § 1291 (1976). We reverse.

## FACTS

Until August 1, 1974 Missirlian worked as an accountant for Huntington Memorial Hospital. Missirlian alleges that during the time of her employment the hospital refused to promote her because of her sex and national origin. She also alleges that the hospital discharged her because she protested the denials of promotion. Missirlian filed a charge with the Equal Employment Opportunity Commission (EEOC) on August 5, 1974, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e–17 (1976 and Supp.1979).

---

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

1. Requirements for filing a Title VII civil action are set forth in 42 U.S.C. § 2000e–5(f)(1) (1976) which provides in relevant part:

   If a charge filed with the Commission pursuant to subsection (b) of this section, is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section . . . or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . *shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought* against the respondent named in the charge (A) by the person claiming to be aggrieved . . . . (emphasis added).

On June 3, 1975, the EEOC sent Missirlian a document designated "Determination" finding no merit to her charges. The Determination concluded:

> Should the Charging Party wish to pursue this matter further, she may do so by filing a private action in Federal District Court. (A separate attachment is enclosed to Charging Party with information regarding the procedure).

The "attachment" referred to was a letter to Missirlian which stated in full:

> This determination concludes the Commission's processing of the subject charge.
>
> Should you wish to pursue this matter further by instituting a *private* civil suit, please contact Ms. Barbara Schlei, at (213) 688–3414 and request a 90-day Notice of Right to Sue.

Missirlian did not contact Ms. Schlei. Instead, on the advice of an attorney, she informally asked the EEOC to reconsider her case.[2]

On December 9, 1975, six months after its original Determination, the EEOC notified both Missirlian and the hospital of its "intent to reconsider" the case. In May of 1976, the EEOC issued a revised Determination finding that Missirlian had been denied promotion because of her sex, and that her discharge constituted reprisal and discrimination in violation of Title VII. On August 17, 1978, the EEOC notified Missirlian that its conciliation efforts had been unsuccessful, and sent her a Notice-of-Right-to-Sue letter.

Missirlian filed suit on November 7, 1978. The district court granted the hospital's motion for summary judgment, holding that (1) under Title VII, a plaintiff must bring suit in federal court within ninety days of notification either that the administrative processing of the charge is complete or that the plaintiff has a right to sue; (2) the initial Determination and accompanying letter constituted "effective statutory notice" of Missirlian's right to sue, triggering the ninety-day time period; and (3) the EEOC's reconsideration of the case and subsequent Notice-of-Right-to-Sue letter did not give Missirlian another opportunity to bring suit.

I

Section 706 of Title VII, 42 U.S.C. § 2000e–5 (1976), requires the EEOC to investigate all charges of discrimination filed with it. If it finds no cause to believe that a charge is true, it "dismiss[es] the charge and promptly notif[ies] the person claiming to be aggrieved and the respondent of its action." *Id.* § 2000e–5(b). If it finds cause to believe that a charge is true, it attempts conciliation. *Id.* Section 706 further provides that if a charge is dismissed, or if the EEOC does not file suit and does not succeed in its conciliation efforts, the EEOC "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the person named in the charge . . . ." *Id.* § 2000e–5(f)(1).

On its face, Title VII only requires the EEOC to notify the aggrieved party of the EEOC's decision to proceed no further. However, EEOC regulations in effect at the time Missirlian filed her charge with the agency provided that notification include "[a]dvice concerning [the aggrieved party's] rights to proceed in court under Section 706." 29 C.F.R. § 1601.25(a)(3) (1975). This advice was generally provided in the form of a "Notice of Right to Sue."[3] Missirlian was never provided with a formal "Notice of Right to Sue" in connection with the EEOC's original Determination; she was told that she could bring an action in federal court, and that she could "request a

---

**2.** Missirlian had no formal right to request a reconsideration; she could only encourage the EEOC to reconsider her case on its own motion. 29 C.F.R. § 1601.19b(b) (1975).

**3.** Missirlian filed her complaint with the EEOC in 1974; the EEOC issued its original Determination in June, 1975 pursuant to its then existing regulations. These regulations established a two-tier notification system. *See Lynn v. Western Gillette, Inc.*, 564 F.2d 1282, 1285 (9th Cir. 1977) (description of two-tier system). Since Missirlian filed her complaint, the EEOC has abandoned this system in favor of a one-tier notice procedure. *See* 29 C.F.R. § 1601.-28(b) (1980). Thus the scope of our holding in this case is limited to disputes arising under the two-tier notice system. The current EEOC no-

90-day Notice of Right to Sue.". The district court held that this information was sufficient to start the ninety-day clock on Missirlian's right to file a civil suit under Title VII.

■ In *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282 (9th Cir. 1977), this court explained that "[i]f the private right of action [under Title VII] is to be effective, it is critical for the aggrieved party to know when the ninety-day period begins to run." *Id.* at 1285. In *Mahroom v. Hook*, 563 F.2d 1369, 1375 (9th Cir. 1977), *cert. denied*, 436 U.S. 904, 98 S.Ct. 2234, 56 L.Ed.2d 402 (1978), we held that a Title VII plaintiff must be informed "that she has a right to sue and how much time she has in which to bring the suit." [4] *See also Bradshaw v. Zoological Society of San Diego*, 569 F.2d 1066, 1067 (9th Cir. 1978) (citing *Lynn*) (ninety-day period starts to run from receipt of right-to-sue letter rather than receipt of earlier notice that EEOC could not effect conciliation). We derive from these cases that the ninety-day time limit on Title VII civil suits does not commence until the plaintiff receives notice of his or her right to sue and the date from which the time limit on this right starts to run.

The hospital argues that the rule of *Mahroom* and *Lynn* should not apply to Missirlian's case because those decisions involve notice subsequent to the EEOC's failure to effect conciliation whereas Missirlian originally received a Determination finding no reasonable cause. Essentially, the hospital argues that Title VII allows different forms of notice in conciliation-failure cases and no-reasonable-cause cases.

The Eighth Circuit's decision in *Shea v. City of St. Paul*, 601 F.2d 345 (1979), supports the hospital's position. In *Shea* the court concluded that where conciliation fails, the ninety-day period does not commence until the plaintiff requests and receives notice of his or her right to file a civil suit but if the complainant "is notified by the EEOC that the charge has been dismissed after the investigative stage, the 90-day period begins to run" immediately. *Id.* at 349. In effect this rule establishes two different notice procedures. The first procedure applies to a conciliation failure where the notice-of-right-to-sue letter specifically informs the plaintiff when the ninety-day period starts. The other procedure applies to a no-reasonable-cause determination where the Determination triggers the ninety-day period without explicit notice to the plaintiff of the commencement date.

We see no reason to require more of a Title VII plaintiff in the second situation. Both section 706(b), which deals with no-reasonable-cause determinations, 42 U.S.C. § 2000e–5(b) (1976), and section 706(f)(1), which deals with conciliation failures, *id.* § 2000e–5(f)(1), address only notice of the determination or the conciliation failure. We do not find in either section any indication of a congressional purpose to provide less information about civil suit procedures in the former situation than in the latter. The fact that the 1975 EEOC regulations contain separate provisions for notice under section 706(b) and section 706(f)(1) is irrelevant because neither regulation explicitly addresses notice of the time limit. *See* 29 C.F.R. §§ 1601.19b(b), .25(a) (1975).[5]

■ In our view, it is more compatible with the broad remedial purposes of Title VII and prior decisions of this circuit to require that a Title VII plaintiff receive a clear indication of when the ninety-day clock starts to run for filing a civil action. As we noted in *Mahroom v. Hook*, "[t]he

---

tice system should not be affected because it is consistent with our decision here. *See id.* §§ 1601.28(b)(1)–(3), .28(e).

4. The hospital attempts to distinguish this case because it involved the federal employment provisions of Title VII. The *Mahroom* court's holding regarding notification did not rely on this distinction, however. Instead, the court stated that it was "giv[ing] effect to the intent

and purpose of Congress in enacting Title VII." 563 F.2d at 1375.

5. Where the 1975 regulations address notice content, they indicate only that in both no-reasonable-cause determinations and conciliation failures, notice should include "[a]dvice concerning [the aggrieved party's] rights to proceed in court." 29 C.F.R. 1601.25(a)(3) (1975). Unlike the current regulations, *see* 29 C.F.R. § 1601.28(e) (1980), the 1975 regulations fail to

Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of the victims of discrimination." 563 F.2d at 1375. To require a Title VII plaintiff to guess when the ninety-day period commences would be contrary to the purposes of the Act. We therefore reject the Eighth Circuit rule announced in *Shea.* Instead, we hold that a Title VII plaintiff who receives a no-reasonable-cause determination or a notice of conciliation failure is entitled to a clear indication of when the ninety-day period commences.[6]

■ We conclude that the first letter Missirlian received from the EEOC did not provide a clear indication of when the ninety-day period commenced. The letter informed Missirlian that she had the right to bring a suit, but it did not tell her that she had ninety days in which to do so; it simply told her that she could request a document entitled "90-day Notice of Right to Sue." A lay person might think that he or she could bring a suit after receiving the first letter. However, a lay person more probably would think that he or she could not sue until ninety days after receiving a "Notice of Right to Sue." Not even a lawyer would be likely to think that suit had to be brought within ninety days of the receipt of the first letter. For these reasons, we hold that the original Determination and accompanying information sent to Missirlian did not start the ninety-day clock on her right to file a Title VII civil action.

## CONCLUSION

Since the EEOC's original Determination did not start the ninety-day period on Missirlian's right to file a civil action, and since the EEOC's decision to reconsider Missirlian's complaint was within its power, 29

C.F.R. § 1601.19b(b) (1975),[7] Missirlian did not receive effective notice of her right to sue until she received the notice-of-right-to-sue letter after conciliation failed. Missirlian filed a civil action within ninety days of the receipt of this right-to-sue letter.

Accordingly, we reverse the grant of summary judgment to defendant Huntington Memorial Hospital and remand the case to the district court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

---

specify the content of the "advice" or the notice.

**6.** Because we focus on the elements of notice, we do not hold that the right-to-sue letter is the only possible form of adequate notice. For this reason, and because courts have the power to bar Title VII actions if the aggrieved party delays unnecessarily, *Boone v. Mechanical Specialties Co.,* 609 F.2d 956, 958–59 (9th Cir. 1979), the hospital's fear that a plaintiff could extend the ninety-day period indefinitely by re-

fusing to request a right-to-sue letter is groundless.

**7.** The hospital's argument that EEOC reconsideration of Missirlian's case could not extend the time for filing a civil action is premised on the erroneous assumption that the original Determination started the ninety-day clock. Because we hold that the original Determination did not start the clock, the hospital's argument is without merit.