**Elizabeth BRISBANE, Plaintiff,**

v.

**The PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Defendants.**

**No. 76 Civ. 1548.**

United States District Court, S. D. New York.

June 14, 1976.

Elizabeth Brisbane, pro se.

Herbert Ouida, Patrick J. Falvey, New York City, for defendant, Port Authority of New York and New Jersey.

MEMORANDUM AND ORDER

OWEN, District Judge.

Underlying this motion to dismiss is a dispute between defendant, The Port Authority of New York and New Jersey, and the EEOC over an interpretation of certain procedural provisions of Title VII. Caught in the middle is the plaintiff in this action whose reliance upon the EEOC interpretation is the basis for defendant's motion to dismiss. The defendant argues that al-

though she filed her action within ninety days of receipt of a right-to-sue letter from the Justice Department—as she had been instructed to do by the EEOC—her case should nonetheless be dismissed because she brought suit more than ninety days after receipt of the EEOC's no probable cause determination.

Plaintiff Elizabeth Brisbane filed a complaint with the EEOC against her employer, the Port Authority, on May 8, 1974. On November 28, 1975, the EEOC sent her a letter entitled, "Determination," which, after reviewing the charges and stating the Agency's factual findings, concluded that "there is not reasonable cause to believe that Respondent engaged in an unlawful employment practice in violation of Title VII of the Civil Rights Act of 1964." The letter closed by informing her that:

> This determination concludes the Commission's processing of the subject charge. Should the Charging Party wish to pursue this matter further, she may do so by filing a private action in Federal District Court within 90 days of her receipt of Notice of Right to Sue which will be issued by the Department of Justice, and by taking the other procedural steps set out in that NOTICE OF RIGHT TO SUE.

Plaintiff thereafter received a letter from the Department of Justice, dated January 9, 1976, with the heading, "NOTICE OF RIGHT TO SUE WITHIN 90 DAYS." It informed her that she had the right to file a civil action "within 90 days of your receipt of this Notice," and requested her to send the Department a copy of her complaint should she bring suit. She filed suit in this Court on April 2, 1976—within 90 days of notice from the Justice Department, but more than 90 days after receipt from the EEOC of the no cause determination.

Defendant contends that even though plaintiff complied with instructions from the EEOC and the Justice Department, her suit should be dismissed because these agencies have misconstrued the procedure mandated by Title VII as amended in 1972. More specifically, it argues that under the statutory scheme, the EEOC is only authorized to refer suits against governmental bodies to the Attorney General in cases where it has made a threshold determination of probable cause, and that consequently this case is governed by the rule of *DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, *modified on rehearing* 520 F.2d 409 (2nd Cir. 1975), which held, in a case not involving a governmental agency, that notice by the Commission of dismissal of charges marks the beginning of the ninety day period in which the complainant has to file suit.

In Title VII cases where the respondent is a government, governmental agency, or political subdivision and the Commission has been unable to secure a compromise agreement, the statute decrees that the Commission shall refer the case to the Attorney General who may bring a civil action. 42 U.S.C. § 2000e–5(f)(1). It is clear in such cases that the ninety day period does not start until there has been notification by the Attorney General.[1] What is in dispute is whether this procedure should extend to cases where the Commission does not make a threshold finding of probable cause, a prerequisite to the commencement of conciliation efforts. 42 U.S.C. § 2000e–5(b).

The Commission relies on the language of Section (f)(1) which states *inter alia*:

> *[i]f a charge filed with the Commission is dismissed by the Commission, or . . . the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision . . . the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of*

---

1. "[T]he Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . ." 42 U.S.C. § 2000e–5(f)(1).

*such notice a civil action may be brought
. . . .. 42 U.S.C. § 2000e–5(f)(1) (emphasis added).*

On its face, this language would seem to indicate that when the complaint is directed against a governmental body, the Attorney General is delegated to notify the complainant of his right to sue even when there has been no finding of probable cause. But the defendant argues that Section (f)(1), taken in its entirety, only covers those cases where a threshold determination of probable cause has been made, and thus the quoted language only refers to dismissals made after such an initial finding. Accordingly, defendant argues, this case is governed by Section 706(b) which provides that:

> If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action. 42 U.S.C. § 2000e–5(b).

Defendant cannot, however, carry this argument all the way and contend that Section (f)(1) is irrelevant here because only that Section contains the ninety day limit to bring suit. Thus, defendant must argue that although Section (f)(1) time limits govern this case, the notification procedure prerequisite for bringing suit is contained in Section (b). Apart from the apparently conflicting language of Sections (b) and (f)(1) that has been quoted, the statute is silent on whether this was the Congressional intent and the legislative history is unilluminating.[2]

In a brief filed *amicus curiae* the EEOC states that it has consistently interpreted Title VII as requiring it to forward to the Justice Department all complaints against governmental bodies, whether or not there is a determination of probable cause. And the correspondence sent to plaintiff by the EEOC and the Justice Department clearly indicates that both agencies read the statute as placing the responsibility on the latter to notify the complainant of the right to sue. The statutory interpretation of these agencies is entitled to great deference; *Udall v. Tallman,* 380 U.S. 1, 16, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); *Griggs v. Duke Power Co.,* 401 U.S. 424, 433–434, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971); especially here where the statutory question is essentially one of the procedures by which they coordinate their activities.

Defendant argues, however, that a decision in its favor is compelled by the Second Circuit's holding in *DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306 (1975). Since the court in *DeMatteis* held that it was the receipt of the no cause finding rather than receipt of the right to sue letter which started the running of the ninety day period, defendant claims that the same result should be reached here. But *DeMatteis* involved the distinctly different situation of a Title VII suit against a private employer. Because the statute limits the Attorney General's involvement to complaints against governmental bodies, the basic question here of *who* should notify the complainant was entirely absent. The EEOC's position in that case had no statutory basis because the right-to-sue letter—as contrasted to notification by the Attorney General—is not even mentioned in the statute.

In terms of practical consequences, the problem faced in *DeMatteis* was also significantly different. Since at the time DeMat-

---

**2.** The requirement that complaints against governmental bodies be referred to the Attorney General has its origin in an amendment offered during floor debate in the Senate on the 1972 Amendments to Title VII. Its purpose was twofold: 1) to limit the number of federal agencies authorized to sue state governments and 2) to bring the prestige of the Attorney General to bear on the reluctance of local governmental bodies to comply with Title VII. 118 Cong.Rec. 1069–1071 (1972). Rather than simply delegating to the Attorney General the ministerial responsibility of bringing such suits, its sponsors chose to vest in him the discretion of deciding whether to bring them, and the consequent responsibility of notifying the complainant should he decide not to sue. This much is clear. But on the crucial question here— whether Congress intended that this procedure apply to complaints against governmental bodies when the Commission made a no cause determination—there is no indication of any active Congressional consideration.

teis filed his complaint a right-to-sue letter was only issued upon request of the complainant, the EEOC procedure under attack gave the complainant the prerogative of determining the time of suit—notwithstanding the ninety day statute of limitations. *Id.* at 310–311 n.6. The same problem does not exist here because the Justice Department issues right-to-sue letters without awaiting the complainant's request. The only effect upon the statute of limitations is that the commencement of the ninety day period to sue is delayed until the Justice Department receives the complaint and issues a right-to-sue letter—a time lag in this case of approximately five weeks.

In reaching its decision in *DeMatteis,* the court was under the impression that the letter notifying the complainant of the no cause determination also specifically advised him of his then existent right to institute a civil action. *Id.* at 309. *See also* the letter quoted at 308 n.3. Such a situation would have strikingly contrasted with this case where the complainant was informed by the EEOC, at least inferentially, that she could *not* sue until she heard from the Department of Justice.

On reargument in *DeMatteis,* the complainant alleged that in fact the EEOC had misled him by instructing him to request a right-to-sue letter prior to bringing suit. In response to this allegation, after noting that the case was one of first impression, the court held that:

> It would be inequitable under such circumstances, and would frustrate the remedial purpose of the Civil Rights Act, to apply the decision of this court so as to bar the claim of a party who filed suit within the period recommended by the

administrative body which had been established to help vindicate such statutory rights. 520 F.2d 409, 411 (1975).[3]

Accordingly, the court modified its opinion to make its legal holding prospective[4] and remanded to the district court to determine whether the complainant had in fact received a misleading letter.

In terms of the equities, the parallel between this case and the situation in *DeMatteis II* is striking. For precisely the reasons articulated in that opinion—reliance of a Title VII plaintiff in a case of first impression upon EEOC instructions—dismissal is not appropriate here. Defendant contends that the *DeMatteis* opinion itself should have forewarned plaintiff and consequently renders her reliance on the EEOC unreasonable. But this argument founders on the misapprehension that the decision in *DeMatteis* is dispositive of this case.

As an equitable matter, the balance is heavily in plaintiff's favor. She relied upon and followed the instructions given her by both the EEOC and the Department of Justice. Like the complainant in *Weise v. Syracuse University,* 522 F.2d 397, 413 (2d Cir. 1975), she "did all she might be expected to do in order to get her case before the district court." And the statutory interpretation she relied upon has substantial support in the wording of the statute. In contrast, defendant cannot reasonably claim any prejudice.

Quite apart from their intrinsic appeal, these equities are significant in interpreting the meaning of Title VII.[5] The purpose of the provision under dispute was "to make sure that the person aggrieved does not have to endure lengthy delays if the Commission or the Attorney General does not

---

3. *Accord, Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301, 1310 (8th Cir. 1975) (". . . it is undisputed that Ms. Tuft relied on the Commission's procedure and, in the absence of prejudice to the defendant, she should not be penalized for any errors or omissions of the EEOC.")

4. The court also granted a 90 day grace period for the benefit of other complainants who had deferred bringing suit in reliance upon the EEOC position.

5. As the Fifth Circuit has stated: "We must ever be mindful that the provisions of Title VII were not designed for the sophisticated or the cognoscenti . . . ." *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455, 463 (5th Cir. 1970). It is a statutory scheme designed for laymen participation. *Love v. Pullman Co.,* 404 U.S. 522, 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972).

act with due diligence and speed." 118 Cong.Rec. 7168 (1972) ("section-by-section analysis" accompanying conference report on H.R. 1746). Its purpose was not to serve as a camouflaged hurdle over which the unsuspecting layman might trip. Congress could hardly have intended that the individual's right to redress—the "paramount" concern of Title VII [6]—be effectively nullified by the fact that the EEOC's procedures are arguably inconsistent with the letter of the statute. To the contrary, in retaining the private right of action, Congress "intended to make clear that an individual aggrieved by a violation of Title VII should not be forced to abandon the claim merely because of a decision by the Commission or the Attorney General . . . ." *Id.*

In an analogous context, involving the construing of the time period allowed for the filing of charges, Congress wished that "wide latitude should be given individuals in such cases to avoid any prejudice to their rights as a result of government inadvertence, delay or error." [7] Pursuant to this Congressional concern, courts have generally declined to dismiss Title VII complaints for failure to comply with the letter of the statute when the complainant attempted to fully comply but was misled by EEOC procedures.[8] Defendant insists that because it is a question of jurisdiction, any latitude would be inappropriate. But as this Circuit has said of the provisions here at issue: "although compliance with these requirements is a jurisdictional prerequisite to maintenance of a civil action . . . the rigid insistence on meticulous observance of technicalities unrelated to any substantive purpose is inappropriate." *Weise v. Syracuse Univ.,* 522 F.2d at 412. In its most recent opinion in this area, the court noted:

> Title VII is rife with procedural requirements which are sufficiently labyrinthine to baffle the most experienced lawyer, yet its enforcement mechanisms are usually triggered by laymen. Were we to interpret the statute's procedural prerequisites stringently, the ultimate result would be to shield illegal discrimination from the reach of the Act. Prior decisions, both of the Supreme Court and of this Circuit have, for this reason, taken a flexible stance in interpreting Title VII's procedural provisions. We follow this realistic approach today. *Egelston v. State Univ.,* 535 F.2d 752, 754, 755 (2d Cir. 1976) (citations omitted).

Quite apart from the equities, strong as they are in this case, I find no legal basis for dismissal. Whether it was the responsibility of the Department of Justice or the EEOC, plaintiff did not, prior to receipt of the right-to-sue letter, receive such notice as would commence the running of the ninety day period to bring suit. Although there is dispute over whether under some circumstances, the ninety day period can commence before the complainant is specifically informed of the right to sue,[9] there can be little doubt that when, as here, the notice informs the complainant that she

---

**6.** *Id.*

**7.** *Id.* at 7167.

**8.** A leading example is this Circuit's decision in *DeMatteis II. See also Bull v. Holmes,* 403 F.Supp. 475 (E.D.Va.1975); *Bormann v. Long Island Press Publishing Co.,* 379 F.Supp. 951 (E.D.N.Y.1974); *Shaffield v. Northrop Worldwide Aircraft Services, Inc.,* 373 F.Supp. 937 (M.D.Ala.1974). In *Cleveland v. Douglas Aircraft Co.,* 509 F.2d 1027 (9th Cir. 1975), the court affirmed the dismissal of a Title VII complaint for failure to comply with the statutory procedures notwithstanding the appellant's claim that he had been misled by the EEOC. But *Cleveland* involved reliance on the actions of the EEOC in that particular case rather than as here upon general EEOC procedures. And

the court in that opinion specifically distinguished its decision from its earlier holding in *Gates v. Georgia-Pacific Corp.,* 492 F.2d 292 (1974), a case far more factually similar to this one. In *Gates,* the EEOC neglected to advise the complainant of her right to sue when it informed her that her case was being closed for lack of jurisdiction. The court held that her time limit for filing a complaint was tolled by the Commission's error because she "acted with all of the diligence and promptness which could be expected." *Id.* at 295.

**9.** *Compare Tuft v. McDonnell Douglas Corp.,* 517 F.2d 1301, 1310 (8th Cir. 1975) ("aggrieved person must receive actual and effective notification of his right to sue") *with Wilson v. Sharon Steel Corp.,* 399 F.Supp. 403 (W.D.Pa.

*cannot* sue until the happening of a future event [10] (receipt of a right to sue letter from the Justice Department), then it does not start the running of the ninety day period. The statute requires that "the Commission, or the Attorney General . . . shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . ." 42 U.S.C. § 2000e–5(f)(1). The content of this notice is not specified,[11] but it is most improbable that Congress could have intended that the ninety day period to sue be commenced by a notice which informed the complainant that she cannot presently bring suit. In some instances, where the EEOC procedure under attack has the effect of significantly expanding the jurisdiction of the court beyond that contemplated by the statute, courts may feel compelled to reach this anomalous result in order to preserve their jurisdictional integrity.[12] That dilemma is not present here.

Because plaintiff did not receive that notice to which she was entitled under the statute, and because she reasonably relied on a directive from the EEOC, I decline to dismiss this action. Given the foregoing, I need not reach the disputed statutory question. Defendant's motion is denied.

So Ordered.

1975). Defendant also interprets *DeMatteis* as holding that the complainant is not entitled to such notice. But *DeMatteis I* was decided under the impression that the plaintiff had been notified of his right to sue. To be sure, the modified decision in *DeMatteis II* had the apparent effect of foreclosing future plaintiffs who were similarly misled by the Commission. But in its brief on reargument, the EEOC assured the court that it had already adopted the procedure of sending the right-to-sue letter together with the no cause determination, thereby precluding a further repetition of the problem.

10. Where the complainant is informed that she can sue after requesting a right-to-sue letter, she is at least on notice of her responsibility to take the initiative. Here, the complainant was, in effect, told to wait at the very time that defendant claims the ninety day period was running.

11. While notice of the right to sue is not specifically mentioned in the statute, the Supreme Court has referred to it as a statutory prerequisite to bringing suit. *Alexander v. Gardner-Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974).

12. This was the problem faced in *DeMatteis.* Nonetheless, the court held that if the complainant had relied to his detriment, the complaint should not be dismissed.