**Frank E. STAPPER**

v.

**TEXAS DEPARTMENT OF HUMAN RESOURCES.**

No. SA78CA358.

United States District Court,
W. D. Texas,
San Antonio Division.

May 17, 1979.

Miles H. Appleberry, Jr., San Antonio, Tex., for plaintiff.

Mark White, Atty. Gen. of Texas by Kathryn A. Reed, Asst. Atty. Gen., Austin, Tex., for defendant.

## MEMORANDUM OPINION AND ORDER

SPEARS, Chief Judge.

On October 19, 1978, plaintiff filed this action against the Texas Department of Human Resources, an agency of the State of Texas, alleging the denial of equal employment opportunity because of practices, policies, customs and usage which discriminated against the plaintiff because he was a male by establishing dress and grooming code requirements which were not related to job requirements or needs; and failing to promote him and forcing his resignation because he filed charges with the Equal Employment Opportunity Commission (EEOC).

Plaintiff filed written charges under oath with the EEOC on or about February 26, 1973, again on or about April 4, 1973, and again in September 1974, complaining of the practices of the defendant, Texas Department of Human Resources.

On or about April 30, 1975, EEOC determined that reasonable cause existed to believe the defendant herein was engaged in unlawful employment practices and invited both parties to enter into conciliation.

Being an action against a state agency wherein the EEOC was unable to obtain a conciliation agreement, this case was referred to the Attorney General of the United States pursuant to 42 U.S.C. § 2000e–5(f)(1) to bring the action.

On September 2, 1977, plaintiff sent a certified letter to the EEOC, San Antonio District Office, requesting that he be issued his "right to sue" letter, receipt of which was acknowledged by the return receipt requested. On January 18, 1978, plaintiff sent a certified letter to the United States Department of Justice, Washington, D. C., requesting that he be issued his "right to sue" letter, receipt of which was acknowledged by the return receipt requested.

After patiently waiting for action by the EEOC and the Attorney General and despite the fact of unanswered requests for a "right to sue" letter, plaintiff filed this suit.

Defendant denies the allegations of the plaintiff and filed a F.R.Civ.P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction for failure to receive a "right to sue" letter from the EEOC prior to instituting suit.

The issue raised by this motion is whether or not a "right to sue" letter is a jurisdictional prerequisite to the bringing of a cause of action, where, after a request for a "right to sue" letter, none is forthcoming within a reasonable time.[1]

■ Contrary to the Magistrate's recommendation to which no objections were filed, this Court holds that under the circumstances of this case, the failure by the EEOC or the Attorney General to issue a "right to sue" letter does not require dismissal and the complainant may proceed with suit.

Title 42 U.S.C. § 2000e–5(f)(1) provides that

If within thirty days after a charge is filed with the Commission . . ., the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not ·a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court. . . . If a charge filed with the Commission . . . is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought . . . .

This section creates two rights. First, the Commission or Attorney General are empowered to bring civil actions if conciliation has failed, provided 30 days have elapsed since the filing of the charge. Second, if the charge has been dismissed or if no action has been taken within 180 days of the filing of the charge, an aggrieved person unwilling to await the conclusion of extended EEOC proceedings may bring his own action within 90 days after notice of right to sue.

■ The filing of timely charges with the EEOC and receipt of notice of right to sue from the EEOC are usually jurisdictional prerequisites for the bringing of a Title VII suit. *Alexander v. Gardner-Denver Co.*, 415

---

1. Plaintiff's written charges were originally filed on or about February 26, 1973, and his first written request to EEOC for a "right to sue" letter was made on September 2, 1977. A second such request was made of the Attorney General on January 18, 1978, sixteen months ago. So the charges were filed more than six years ago, and the request for a "right to sue" letter has been pending for more than twenty months. In the meantime, the EEOC, on April 30, 1975, found that reasonable cause existed to believe that the defendant had violated the provisions of Title VII. Yet until this good day, neither the EEOC nor the Attorney General has even shown the plaintiff the courtesy of a reply. Under the circumstances, it could hardly be said that either the EEOC or the Attorney General has acted promptly or reasonably. On the contrary, it is clear that the failure to act for such an inordinately long period of time constitutes a grossly unreasonable violation of plaintiff's rights, which cannot be tolerated in a Court of law.

U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

It is undisputed that plaintiff has complied with the first jurisdictional prerequisite. As to the second jurisdictional prerequisite, plaintiff has requested a "right to sue" letter, but none has been forthcoming. The general regulation promulgated to effectuate the issuance of notice of right to sue so that a charging party may bring his own private cause of action, 29 C.F.R. § 1601.28, provides that when an aggrieved person requests that a notice of right to sue be issued, the Commission *shall promptly* issue the notice. 29 C.F.R. § 1601.28(a)(1). With respect to notice of right to sue for charges against governmental respondents, 29 C.F.R. § 1601.28(d) provides that the Attorney General *shall* issue such *notices.* "Significantly, under EEOC regulations, a right to demand and receive such a notice *accrues . . . regardless* of any act or omission by the EEOC." *Beverly v. Lone Star Lead Construction Corp.,* 437 F.2d 1136 (5th Cir. 1971) (emphasis added).

Congress established comprehensive and detailed procedures to afford the EEOC the opportunity to attempt by administrative action to conciliate and mediate unlawful employment practices with a view to obtaining voluntary compliance. The legislative scheme would be undercut if an individual could bypass the Commission at will. *Stebbins v. The Continental Insurance Companies,* 143 U.S.App.D.C. 121, 442 F.2d 843 (1971). But, in this case, it is not alleged, nor is there any evidence that the plaintiff deliberately bypassed the administrative process. On the contrary, plaintiff and his attorney inquired several times as to the status of his case. Far from purposeful evasion of the administrative process, plaintiff's plight represents unrewarded patience. The fault does not lie with the plaintiff, but with the EEOC and the Attorney General. Dismissal would deprive plaintiff of his right to a private cause of action, not because of some failure on his part to comply with the requirement of Title VII, but for the failure of the Com-

mission and the Attorney General, failures that will always be beyond the control of an aggrieved party. *Dent v. St. Louis-San Francisco Ry. Co.,* 406 F.2d 399 (5th Cir. 1969), *cert. denied sub nom. Hyler v. Reynolds Metals Co.,* 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971).

As a consequence of such failures, the courts have been adamant in refusing to penalize Title VII plaintiffs for wrongs or mistakes by the EEOC or the Attorney General. In *Miller v. International Paper Co.,* 408 F.2d 283, 287–288 n. 18 (5th Cir. 1969), the Court stated that in the event of an outright refusal to issue the required right to sue notice, the grievant could file suit within a reasonable time after the lapse of the conciliation period. Other cases holding that inaction cannot affect the grievant's substantive rights under the statute are *NOW v. Sperry Rand Corp.,* 457 F.Supp. 1338 (D.Conn.1978) (failure to issue "right to sue" letter to one of two plaintiffs who filed joint charges because the EEOC mistakenly determined that it did not have standing to sue); *Bulls v. Holmes,* 403 F.Supp. 475 (E.D.Va.1975) (failure by the Attorney General and EEOC to issue "right to sue" letter after request); *Padilla v. Stringer,* 395 F.Supp. 495 (D.N.M.1974) (failure to issue "right to sue" letter to one of two respondents named in the charge because the EEOC inadvertently treated the charge as if there was only one respondent); *Cox v. Allied Chemical Corp., Local 216, International Union of Operating Engineers, AFL–CIO,* 328 F.Supp. 309 (M.D.La. 1974), aff'd in part, rev'd in part on other grounds, 538 F.2d 1094 (5th Cir. 1976), *cert. denied sub nom. Allied Chemical Corp. v. White,* 434 U.S. 1051, 98 S.Ct. 903, 54 L.Ed.2d 804 (1978) (failure to issue "right to sue" letter because the EEOC misplaced the charges filed by plaintiff).

This Court concludes that when notice of right to sue is requested, and none is forthcoming, and when one has done all else that reasonably can be done to comply with the jurisdictional prerequisites for bringing suit, the failure by the EEOC or the Attor-

ney General to issue a "right to sue" letter within a reasonable time does not require dismissal, and the complainant may proceed with suit.

Defendant's motion to dismiss is in all things DENIED.