**Jimmie ENGLISH, Plaintiff,**

v.

**WARE COUNTY DEPARTMENT OF FAMILY & CHILDREN SERVICES, DIVISION OF THE GEORGIA DEPARTMENT OF HUMAN RESOURCES, Defendant.**

**Civ. A. No. CV 580–53.**

United States District Court,
S. D. Georgia,
Waycross Division.

Aug. 5, 1982.

Fletcher Farrington, Savannah, Ga., for plaintiff.

George P. Shingler, Asst. Atty. Gen., Atlanta, Ga., for defendant.

## ORDER

ALAIMO, Chief Judge.

The question before the Court is whether a private Title VII action against a state governmental body must be dismissed if the right-to-sue notice is issued by the Equal Employment Opportunity Commission ("EEOC") and not the Attorney General's office. In 1979 and 1980, the plaintiff, Jimmie English, applied and was rejected for a job as a casework supervisor with the Georgia Department of Human Resources. Believing the rejection a result of discrimination, she filed timely complaints with the Georgia Office of Fair Employment Practices and the EEOC. On September 28, 1980, the EEOC issued a determination that it lacked reasonable cause to believe her charges were true, and attached a right-to-sue notice. The determination letter made no mention of any forthcoming notice from the Attorney General or the need for such notice prior to instituting a private action in federal court. Instead, it instructed:

> This determination concludes the Commission's processing of the subject charge. Should the charging party wish to pursue this matter further, he may do so by filing a private action in Federal District Court within 90 days of receipt of this letter and by taking the other procedural steps set out in the enclosed NOTICE OF RIGHT TO SUE.

A suit was subsequently filed in this Court on December 3, 1980.[1] The defendant now moves for dismissal, on the ground that the notice of right to sue must come from the Attorney General and, absent notice from this source, the Court is without jurisdiction to hear the case. The Court holds that notification by the United States Attorney General *is* a statutory prerequisite

---

1. In addition to the Title VII violations, the complaint also charged violations of the Reconstruction Civil Rights Act, 42 U.S.C. § 1983, and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.,* but these latter counts were later dismissed by consent of the parties.

to institution of a Title VII action against a state governmental body, but it is not a jurisdictional prerequisite and may be waived as a matter of equity. The Court further holds that in the instant case the equities favor maintenance of the suit, because dismissal would be inconsistent with the substantive purposes of Title VII and would penalize the plaintiff for merely following a course of conduct prescribed by the federal agency charged with administering the Civil Rights Act.

*Discussion*

■ One need not look further than the plain language of Title VII itself to recognize that notice of a right to sue by the Attorney General is a condition precedent to a private Title VII suit against a state governmental entity. Under Title VII, an alleged victim of employment discrimination cannot bring a civil action until the administrative process has first run its course. *See generally Great American Federal S. & L. Ass'n v. Novotny,* 442 U.S. 366, 370–378, 99 S.Ct. 2345, 2347, 2352, 60 L.Ed.2d 957 (1979). When a state governmental body is the respondent in a Title VII charge, that process is concluded when either (a) the EEOC determines that a claimant's charge lacks merit, or (b) the EEOC is unable to arrive at a conciliation agreement regarding a charge it believes has merit, and the Attorney General declines to institute a suit on the basis of that charge. 42 U.S.C. § 2000e–5(f)(1). The act clearly states that it is the responsibility of the Attorney General to notify the claimant that the administrative process is at an end and that further relief may be sought by a timely suit in federal court. Specifically, § 706(f)(1) states, in pertinent part:

> If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge or the expiration of any period of reference under subsection (c) or (d) of this section, whichever is later, the Commission has not filed a civil action under this section or the Attorney General has not filed a civil action in a case involving a government, governmental agency, or political subdivision, or the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, *the Commission, or the Attorney General in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent* . . .

42 U.S.C. § 2000e–5(f)(1) (emphasis added).

This responsibility is consistent with a statutory scheme that delegates to the Attorney General the dominant role in the legal enforcement of Title VII claims against state and local governmental bodies. As aforementioned, it is the Attorney General, and not the EEOC, who has the right to file suits based on individual charges. 42 U.S.C. § 2000e–5(f)(1).[2] The act further provides that, if a private action is instituted by a charging party, the court may permit "the Attorney General in a case involving a government, governmental agency, or. political subdivision, to intervene . . . ." 42 U.S.C. § 2000e–5(f)(1). Finally, § 706(f)(2) of the act permits "the Attorney General in a case involving a government, governmental agency, or political subdivision" to bring an action for "temporary or preliminary relief . . . ." 42 U.S.C. § 2000e–5(f)(2).

This vesting of authority implies that the Attorney General should have more than just the ministerial responsibility for bringing Title VII suits against state employers, but also the discretion to decide whether and when to bring them. *Cf. Brisbane v. Port Authority of New York & New Jersey,* 414 F.Supp. 604, 606 n.2 (S.D.N.Y. 1976). Requiring notification by the Attorney General that the Title VII administrative process has concluded and a private action may

---

**2.** The EEOC has the right to file suit with respect to private charges against *private* employers. 42 U.S.C. § 2000e–5(f)(1).

be brought insures that all complaints against governmental bodies are referred to the Justice Department, and prompts that department to decide whether to exercise its delegated discretion. Such reference is needed, even in cases in which the EEOC has made a no-cause determination, because even though such a determination triggers the right to file a private suit, intervention by the Justice Department may still be important to the resolution of the case. Notification in those instances insures at least a cursory review of the file, which is elemental in determining whether to intervene. The Court, therefore, concludes that both the spirit and letter of Title VII are served by a requirement that the Attorney General's office notify claimants of the cessation of the administrative process and their right to sue in federal court when a governmental body is the respondent. *Accord Davis v. Georgia Dep't Human Resources,* Civil Action No. 81–2199A (N.D. Ga. Feb. 12, 1982); *Stinson v. Georgia Dep't Human Resources,* Civil Action No. C80–1940A (N.D. Ga. July 7, 1981); *see also Osiecki v. Housing & Redevelopment Auth.,* 481 F.Supp. 1229 (D.Minn. 1979); *Brisbane v. Port Authority of New York & New Jersey, supra.*[3]

However, it is now settled law in this Circuit that this requirement, while statutory, is not jurisdictional and is subject to equitable waiver or tolling. In *Jackson v. Seaboard Coast Line Railroad,* 678 F.2d 992 (11th Cir. 1982), the Eleventh Circuit explained that "[a]lthough ... courts have not had occasion to address the nature of each of Title VII's preconditions, we discern no rational basis for treating those that have not been considered from those that implicitly or explicitly have been held not to be jurisdictional," and went on to hold "that the conditions precedent to a Title VII action are not jurisdictional prerequisites, which if not satisfied deprive federal district courts of subject matter jurisdiction." *Id.* at 1009, 1010. *See also Zipes v. TWA,* —— U.S. ——, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (filing of timely charge of discrimination with the EEOC is requirement in nature of statute of limitation—not jurisdictional); *Sessions v. Rusk State Hospital,* 648 F.2d 1066 (5th Cir. 1981) (90-day limitation period for filing Title VII action not jurisdictional prerequisite and is subject to equitable tolling). The dispositive question, therefore, is whether in the instant case the circumstances require equitable waiver of the requirement of a notice of right to sue from the Attorney General.[4]

---

**3.** Both *Osiecki* and *Brisbane* held that, in a Title VII case involving a government employer, the time requirement that a private civil action be filed within 90 days after receipt of the statutory notice is commenced by receipt of notice from the Attorney General and not the EEOC which, by implication, suggested that the duty to notify is the Attorney General's and not the EEOC's.

**4.** As a corollary to the jurisdictional argument, the defendant also contends that the statutory requirements for suit against a public employer cannot be waived because strict adherence to them is necessary for waiver of a state's 11th amendment immunity. While neither the *Jackson* nor the *Zipes* cases considered the question of whether procedural requirements for a Title VII action against a state employer might be jurisdictional while those for a suit against a private employer are not, the Court rejects the idea of any distinction. In *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), the Supreme Court held that legislation passed pursuant to Congress' authority under § 5 of the 14th Amendment constitutes a waiver of 11th amendment immunity, and further held that the 1972 amendments to Title VII providing for private suits against state governmental bodies were constitutionally permissible. The *Fitzpatrick* Court said that Congress has full authority to determine what is "appropriate legislation" for enforcing the provisions of the 14th amendment. *Id.* at 456, 96 S.Ct. at 2671. The notice requirement at issue here was a part of the 1972 amendments to Title VII generally approved in *Fitzpatrick.* A logical supposition from *Fitzpatrick* is that if it were Congress' intent that strict adherence to the notice requirement from the Attorney General would not be necessary for a federal court to hear a Title VII suit, 11th amendment immunity would be waived without formal compliance. In *Jackson,* Judge Kravitch examined Congress' intent in passing Title VII, and concluded that its intention was not to have *any of the* prerequisites for a private suit act as jurisdictional hurdles. *Id.* at 1002–1003. This Court, therefore, rejects the defendant's argument.

In *Chappell v. Emco Machine Works Co.*, 601 F.2d 1295 (5th Cir. 1979), Judge Clark surveyed the cases that have permitted equitable suspension of Title VII time requirements and found suspension likely to occur in three situations: (1) during the pendency of an action involving the same parties and the same cause in state court, which has jurisdiction but is the wrong forum under state law; (2) when the defendant conceals facts that support the plaintiff's cause of action; and (3) when the EEOC misleads a complainant about the nature of his rights under Title VII. *Id.* at 1302–1303; *see Nilsen v. City of Moss Point, Miss.*, 621 F.2d 117, 120 (5th Cir. 1980); *Gonzalez v. Firestone Tire & Rubber Co.*, 512 F.Supp. 1101, 1104 (E.D. Tex. 1981). Although the issue here does not concern a time requirement, the circumstances of the case fall neatly into the third category, and to dismiss it would result in severe prejudice to the plaintiff.

█ The plaintiff merely followed the directives of the EEOC. That agency notified her of the termination of the administrative process and instructed her that further pursuit of her claims could only be accomplished by a federal court action within 90 days of receipt of the attached letter. No additional requirements for filing suit were indicated, and she was admonished that further recourse had to be undertaken promptly, if at all. Furthermore, even though the plaintiff is represented by an attorney, neither she nor her attorney could reasonably expect that compliance with the EEOC directive would not be sufficient to allow the federal court to entertain the case, because the question of whether a Title VII suit could be filed against a governmental respondent, without prior notice from the Attorney General, is one of first impression in this district and this circuit— the question has yet to be explicitly considered. *See Brisbane v. Port Authority of New York & New Jersey, supra*, 414 F.Supp. at 607 (reliance of Title VII plaintiff upon EEOC instruction in case of first impression counsels for waiver of procedur-

al requirements to filing civil suit). The plaintiff did not bypass the administrative process nor file suit prior to notification of the termination of that process. Indeed, she "did all she might be expected to do in order to get her case before the district court." *Weise v. Syracuse Univ.*, 522 F.2d 397, 413 (2d Cir. 1975).

The defendant counters that the plaintiff would not be harmed by an order dismissing the case without prejudice to the plaintiff's refiling her suit upon receipt of notice by the Attorney General. But this would apparently deprive the plaintiff of her cause of action, because the current policy of both the EEOC and the Justice Department is to have the former agency issue all notices of right to sue governmental respondents when a no-cause determination has been made. Prior to November 4, 1981, the pertinent federal regulations promulgated by the EEOC read:

> Notices of right to sue for charges against Governmental respondents. Notices of right to sue in cases where the respondent is a government, governmental agency, or a political subdivision thereof, *shall be issued by the Attorney General, who has the authority to issue such notices.*

29 C.F.R. § 1601.28(d), amended by 45 F.R. 73037, Nov. 4, 1980 (emphasis added).

The current regulations, as amended, read:

> Notices of right-of-sue [sic] for charges against Governmental respondents. In all cases where the respondent is a government, governmental agency, or a political subdivision, *the Commission will issue the notice of right to sue when there has been a dismissal of a charge. . . . In all other cases where the respondent is a government, governmental agency, or political subdivision, the Attorney General will issue the notice of right to sue . . . .*

29 C.F.R. § 1601.28(d), as amended at 45 F.R. 73037, Nov. 4, 1980 (emphasis added).[5]

---

**5.** Although the EEOC is the agency charged with administering Title VII and its interpreta-

tions of Title VII provisions are ordinarily enti-

Thus, unless the Justice Department amends its policy, or abrogates it in this individual case, the plaintiff would be unable to seek judicial determination of her claim, and neither of these possibilities insures against lengthy delays in having the Court reach the merits of her case.

The paramount concern of Title VII is the individual's right to swift redress of her claims. 118 Cong. Rec. 7168 (1972). "Congress could hardly have intended that [this concern] be effectively nullified by the fact that the EEOC's procedures are ... inconsistent with the letter of the statute. To the contrary, in retaining the private right of action, Congress 'intended to make clear that an individual aggrieved by a violation of Title VII should not be forced to abandon the claim merely because of a decision by the Commission or the Attorney General.'" *Brisbane v. Port Authority of New York & New Jersey, supra,* 414 F.Supp. at 608, *quoting* 118 Cong. Rec. 7168 (1972). The plaintiff would be severely prejudiced by dismissal of this suit while, in contrast, the defendant cannot reasonably claim any prejudice. Given this prejudice, and the broad purposes of Title VII, the Court thinks the requirement of notice by the Attorney General should be waived in this case.

Prior decisions of the trial courts of the Fifth Circuit have waived receipt of notice requirements because of inadvertencies by the EEOC or the Attorney General. *Stapper v. Texas Dep't Human Resources,* 470 F.Supp. 242 (W.D. Tex. 1979); *Shaffield v. Northrop Worldwide Aircraft Services, Inc.,* 373 F.Supp. 937 (M.D. Ala. 1974) (Johnson, C.J.); *see also Miller v. International Paper Co.,* 408 F.2d 283, 287–288 n. 18 (5th Cir. 1969). This Court, therefore, considers itself on solid ground in waiving this requirement today. The defendant's motion is, accordingly, DENIED.

tled to great weight, *Griggs v. Duke Power Co.,* 401 U.S. 424, 433–434, 91 S.Ct. 849, 854–855, 28 L.Ed.2d 158 (1971), the fact that it has interpreted the provision at issue here contrary to this Court sounds no tocsin. No deference need be given to an agency's interpretation of a statute that varies with the plain words of the statute, *Hometrust Life Ins. Co. v. U.S. Fidelity*

& Guaranty Co., 298 F.2d 379 (5th Cir. 1962); *Chan v. Bell,* 464 F.Supp. 125 (D.D.C. 1978), nor need that interpretation be accorded great weight when it is a recent reversal of prior interpretations. *See generally, Espinoza v. Farah Manuf. Co.,* 414 U.S. 86, 94, 94 S.Ct. 334, 339, 38 L.Ed.2d 287 (1973).