**Dora DILLARD, Plaintiff,**

v.

**Dr. Frank M. RUMPH, et al., Defendants.**

**Civ. A. No. C83–399A.**

United States District Court, N.D. Georgia, Atlanta Division.

May 17, 1984.

---

Eugene Novy, Penelope Rumsey, Novy & Rumsey, Atlanta, Ga., for plaintiff.

· Gary R. Hurst, Asst. Atty. Gen., State of Georgia, Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

This employment discrimination action is presently before the Court on defendants' motion for summary judgment. On March 1, 1983, plaintiff, proceeding *pro se*, filed a form complaint indicating that her action was being brought pursuant to Title VII of the Civil Rights Act of 1964. Complaint ¶ 3. She complained of a failure to promote her and various other acts of defendants that allegedly discriminated against her on the basis of her race, age, and for "political reasons." Complaint ¶¶ 4(C) & (D) and 6(A) & (E).

Subsequently, counsel entered an appearance on behalf of plaintiff, and on July 6, 1983, the parties filed their new case statement, in which plaintiff contended that her action was brought "pursuant to 42 U.S.C. § 2000e, 42 U.S.C. § 1981 and the Fourteenth (14th) Amendment to the United States Constitution." New case statement ¶ 2(a). In her brief opposing defendants' motion for summary judgment, plaintiff invokes Title VII as well as 42 U.S.C. §§ 1981 and 1983. Plaintiff, however, has not sought to amend her original complaint, and it is to that complaint alone that the Court therefore must look to determine the nature of plaintiff's claims.

■ Even giving plaintiff's *pro se* complaint the liberal construction to which it is entitled, the Court can discern no intelligible claim asserted under either 42 U.S.C. § 1981 or 42 U.S.C. § 1983. At best, plaintiff's complaint alleges a failure to promote and "harassment" in violation of Title VII. Plaintiff's rambling allegations in paragraphs 4(D) and 9 of her complaint are not sufficiently intelligible to permit any more precise determination of her claims.

■ Accordingly, the Court concludes that the only claims properly before it are the alleged violations of Title VII. Plaintiff's contentions in the new case statement and arguments in her brief regarding purported violations of 42 U.S.C. §§ 1981 and 1983 are not the appropriate means to raise

claims that are nowhere clearly set forth in the complaint.

As to plaintiff's Title VII action, the threshold question is whether it must be dismissed because of plaintiff's admitted failure to obtain a right-to-sue letter from the Attorney General as required by 42 U.S.C. § 2000e–5(f)(1). While this Court previously has dismissed actions on the basis of such a procedural default, *see, e.g., Solomon v. Hardison,* Civil Action No. C82–648A (N.D.Ga. April 27, 1983), *Andrews v. Caldwell,* Civil Action No. C82–2266A (N.D.Ga. March 9, 1983), the Eleventh Circuit subsequently has held that *all* Title VII procedural requirements are to be viewed as conditions precedent to suit rather than as jurisdictional requirements and are thus subject to equitable modification. *Fouche v. Jekyll Island-State Park Authority,* 713 F.2d 1518, 1525 (11th Cir. 1983).

In *Fouche* the court of appeals cited with approval the district court's decision in *English v. Ware County Dept. of Family & Children Services,* 546 F.Supp. 689 (S.D. Ga.1982), in which the plaintiff had received a right-to-sue letter from the EEOC stating that if she wished to pursue her claim she must file suit in federal district court and saying nothing about the necessity of a right-to-sue notice from the Attorney General. The court found that under these circumstances the statutory requirement of notice from the Attorney General should be suspended. 546 F.Supp. at 693.

The facts in the instant case are indistinguishable from those in *English.* On December 12, 1982, plaintiff received an EEOC determination that it lacked reasonable cause to believe her charges of discrimination were true, with an attached right-to-sue notice. As in *English,* the determination instructed plaintiff that if she

wished to pursue her claim she must file suit in federal district court and said nothing about the necessity of a right-to-sue notice from the Attorney General. Complaint ¶ 11; Dillard dep. Ex. 3. Relying on these instructions, plaintiff promptly filed the instant action.

■ To dismiss plaintiff's suit at this stage because of a failure to obtain a right-to-sue notice from the Attorney General would clearly be inequitable.[1] Following *English,* the Court concludes that the statutory requirement of notice by the Attorney General must be waived in this case.

■ Defendants also argue that plaintiff has failed to state a claim under Title VII because all allegedly discriminatory acts took place between 1943 and 1958, prior to the date Title VII became effective. Plaintiff's complaint, however, alleges that the discrimination giving rise to her action occurred in 1979. Complaint ¶ 8. Treating defendants' motion as one to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must accept this allegation as true. Looking beyond the face of the complaint, it is clear that a factual dispute exists as to when the discrimination occurred.

■ Finally, defendant Jewell G. Saunders, the Administrator of the Georgia Office of Fair Employment Practices ("GO-FEP") contends that she is not a proper party to this action. Title VII proscribes discrimination by an "employer," as that term is defined in 42 U.S.C. § 2000e(b). It is undisputed that Ms. Saunders is neither plaintiff's employer nor an agent of plaintiff's employer within the meaning of this section.[2] She is therefore entitled to summary judgment.

Accordingly, defendants' motion for summary judgment is GRANTED as to defend-

---

1. The undersigned cannot agree with Judge O'Kelley's opinion in *Solomon v. Hardison, supra,* that the Title VII plaintiff must pay the price of the failure of the EEOC and the Department of Justice to comply with the plain words of the statute.

2. The Court assumes that the other defendants are proper parties to this Title VII action as

agents of plaintiff's employer, the Georgia Department of Human Resources ("GDHR"). The parties have not addressed this question, however, nor have they addressed the issue whether the GDHR itself is a necessary party to this action. *See Rogero v. Noone,* 704 F.2d 518, 521 & n. 4 (11th Cir.1983). The Court therefore expresses no opinion on these questions.

ant Saunders but DENIED as to all other defendants. Although plaintiff's Title VII action thus survives, the Court is unable at this time, in light of the vague allegations of plaintiff's complaint, to evaluate the merits of plaintiff's motion to compel discovery, which the Court previously deferred consideration of pending ruling on defendants' motion for summary judgment. Order of January 16, 1984. Absent a clarification of plaintiff's allegations against defendants, the Court simply cannot determine whether the discovery sought is relevant to plaintiff's claims. Since plaintiff is now represented by counsel, it is to be hoped that a more precise statement of plaintiff's claims than that found in her *pro se* complaint is possible, so that the Court may properly determine plaintiff's need for the discovery sought from defendants.

Accordingly, plaintiff is ORDERED to file a proposed amended complaint, supported by brief, within 20 days of the date of this order more precisely stating her claims against defendants. After defendants have had an opportunity to file any opposition to the proposed amendment, the Court will consider the propriety of allowing the amendment and then address the merits of plaintiff's motion to compel.

In sum, defendants' motion for summary judgment is GRANTED as to defendant Saunders but is DENIED as to all other defendants; plaintiff is ORDERED to file a proposed amended complaint within 20 days of the date of this order; and ruling on plaintiff's motion to compel is further DEFERRED until after consideration of plaintiff's proposed amendment.