EQUAL EMPLOYMENT OPPOR-
TUNITY COMMISSION,
Plaintiff—Appellee,

v.

HARRIS FARMS INC., Defendant—
Appellant,

v.

Olivia Tamayo, Plaintiff–
intervenor—Appellee.

Equal Employment Opportunity
Commission, Plaintiff—
Appellee,

v.

Harris Farms Inc., Defendant—
Appellant,

v.

Olivia Tamayo, Plaintiff–
intervenor—Appellee.

Equal Employment Opportunity
Commission, Plaintiff,

v.

Harris Farms Inc., Defendant—
Appellee,

v.

Olivia Tamayo, Plaintiff–intervenor—
Appellant.

Nos. 05–16945, 06–16317, 06–16437.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 11, 2008.

Filed April 17, 2008.

Equal Employment Opportunity Commission Appellate Section, Washington, DC, for Plaintiff–Appellee.

Richard Alaniz, Esq. [Ret.] Cary A. Farris, Esq., Alaniz & Schraeder, Lowell T. Carruth, Esq., Houston, Tx, Todd Baxter, McCormick Barstow Sheppard Wayte & Carruth, LLP, Fresno, CA, for Defendant–Appellant.

Richard M. Pearl, Esq., Law Offices of Richard M. Pearl, Berkeley, CA, William J. Smith, Esq., Shelley G. Bryant, Esq., W.J. Smith & Associates, Fresno, CA, for Plaintiff–Intervenor–Appellee.

Before: HUG, RYMER, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Harris Farms appeals the district court's denial of its motion to dismiss Olivia Tamayo's claims under the California Fair Employment and Housing Act (FEHA) as untimely, and further appeals the district court's denial of its motions for judgment as a matter of law and for a new trial. Tamayo appeals the amount of attorney's fees awarded to her counsel. We affirm.

### I

The district court did not err in refusing to dismiss Tamayo's request to intervene. *See EEOC v. Farmer Brothers Co.*, 31 F.3d 891, 902–03 (9th Cir.1994). It does not appear that Tamayo ever received a notice from the Equal Employment Op-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

portunity Commission ("EEOC") informing her of her right to sue within ninety days. Accordingly, the ninety-day clock for Tamayo's lawsuit never began to run. *See Missirlian v. Huntington Mem'l Hosp.*, 662 F.2d 546, 549–550 (9th Cir.1981) (holding that a Title VII plaintiff is entitled to a clear indication of when the ninety-day period commences); *see also Payan v. Aramark Mgmt. Servs. Ltd.*, 495 F.3d 1119, 1121 (9th Cir.2007); *Scholar v. Pac. Bell*, 963 F.2d 264, 266 (9th Cir.1992); *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282, 1286 (9th Cir.1977) ("[T]he ninety-day period does not begin until the charging party receives a letter specifically informing him of his right to sue."). As Harris Farms acknowledges, there is no basis upon which to conclude that Tamayo knew about the EEOC's action, or when (if ever) she may have become aware of the lawsuit or of its significance (if any) for the timeliness of her FEHA claims. Accordingly, we need not address its constructive notice theory for, even if the theory had legs (for which Harris Farms offers no authority), it would lack support in the record. Harris Farms urges us to remand for further factual development, but we decline to do so as it had the chance to do that in district court.

## II

■ The district court also did not err in denying motions for judgment as a matter of law and for a new trial. Harris Farms waived its right to object by stating before trial that it did not contest the admissibility of the Maria Martinez evidence, and by failing to make specific objections at trial to the Hermila Barrera evidence. *United States v. Rivera*, 43 F.3d 1291, 1295 (9th Cir.1995). Even so, the Martinez evidence was neither irrelevant nor unduly prejudicial because Tamayo learned about the incident during an interview at Harris Farms, and Rodriguez himself used the Barrera incident to threaten Tamayo.

■ With respect to the punitive damages award, there was sufficient evidence from which the jury could find that managers acted with reckless indifference to Tamayo's federal right to be free from retaliation for her complaints about sexual harassment. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526, 538–39, 119 S.Ct. 2118, 144 L.Ed.2d 494 (1999). Managerial agents criticized Tamayo for raising the issue of past harassment in a new complaint, indicated that complaints like hers cost Harris Farms time and money, suggested to Tamayo that continuing with her complaint would be difficult, and recommended to the Human Resources Department that Tamayo be suspended in the wake of a complaint.

## III

■ The district court acted within its discretion in setting hourly rates for Smith and Pearl. The court did not err in declining to accept new evidence that Tamayo could have offered earlier. *See Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). The Jones declaration, which Tamayo offered in support of Smith's request for a higher rate, provided insufficient detail about past cases in Fresno to require the court to adopt that rate. *See Mendenhall v. NTSB*, 213 F.3d 464, 470–72 (9th Cir. 2000). Nor did the district court abuse its discretion by declining to pay Pearl at San Francisco rates because Tamayo did not demonstrate that local fee counsel was unavailable. *See Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 907 (9th Cir.1995).

AFFIRMED.